IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| SIERRA CLUB, INC.; PEOPLE FOR PROTECTING THE PEACE RIVER, INC.; and MANASOTA-88, INC., ) ) ) ) Plaintiffs, ) ) v. ) ) UNITED STATES ARMY CORPS OF ENGINEERS; and COLONEL ALFRED A. PANTANO, JR., ) ) ) ) Defendants, ) ) and ) ) MOSAIC FERTILIZER, LLC, ) ) Defendant-Intervenor. ) ) | Case No. 3:10-cv-00564-HLA-JBT |

**PLAINTIFFS' RESPONSE TO MOSAIC'S SUPPLEMENTAL RULE 3.01(G) CERTIFICATION TO MOSAIC FERTILIZER, LLC'S MOTION FOR LIMITED STAY OF PRELIMINARY INJUNCTION PENDING APPEAL AND REQUEST FOR EXPEDITED RULING**

At 7:30 pm on Tuesday August 17, 2010 Mosaic filed the above-referenced pleading asking the court to deny Plaintiffs 10 days of their time in which to respond to Mosaic's "Motion for Limited Stay of Preliminary Injunction Pending Appeal," which would make Plaintiffs' response due Friday August 20, 2010. In addition, Mosaic asks this court to expedite its ruling, under threat of laying off employees. Mosaic's request should be denied and Plaintiffs should be allowed the full time allowed under the Local Rules in which to respond, for the following reasons:

1) Mosaic misstates the due date for Plaintiffs' Response to Mosaic's "Motion for Limited Stay of Preliminary Injunction Pending Appeal," (hereafter the "Motion for Stay"). Mosaic states Plaintiffs' response is due August 25, 2010. However, Mosaic's motion was filed August 11, 2010. Applying the 14 days provided for in Local Rule 3.01(b) plus the three days provided under Fed. R. Civ. P. 6(d) gives Plaintiffs' 17 days, which falls on Saturday August 28, 2010. Therefore under Rule 6(a)(C) Plaintiffs' response is due **August 30, 2010**.

2) Mosaic's urgency is the product of its own delay. Mosaic's Motion to Stay was not filed until *12 days after* this Court's Order and Preliminary Injunction of July 30, 2010. Mosaic's instant "Supplemental Rule 3.01(G) Certification" was not filed until four days after Plaintiffs' counsel informed Mosaic's counsel Plaintiffs would oppose Mosaic's motion. Neither Plaintiffs nor the Court should be forced to react with emergency responses based on Mosaic's delay.

3) It would be virtually impossible for Plaintiffs' counsel to respond to Mosaic's motion by August 20, 2010 due to pre-existing conflicts. On August 24, 2010 Plaintiffs' counsel must respond to three motions to dismiss filed by separate parties in *Sierra Club v. U.S. Fish and Wildlife Service*, no. 2:10-cv-00106-JES-SPC, M.D. Fla., which is a complex Endangered Species Act suit involving critical habitat designation for the Florida panther. It is necessary for Plaintiffs' counsel to work on this response this week to answer those motions. In addition, Plaintiffs' counsel has previously scheduled dental surgery on August 20, 2010, which cannot be re-scheduled. Plaintiffs' counsel have been planning their response to Mosaic's motion to meet the August 30, 2010 date and managing their heavy case load accordingly and cannot change on such short notice.

4) Answering Mosaic's Motion for Stay in three days is infeasible considering its content. The motion is based on a declaration by a Mosaic Vice-President that presents new evidence on the mining process, the regulatory process, engineering issues, and economics. He argues with the court's finding that Mosaic can mine the uplands under the "no-action" alternative, and on that score he contradicts the very Environmental Assessment that Mosaic is asking the court to uphold. The gist of his argument is that any mining alternative, other than what Mosaic wants, is not feasible due to extra costs to Mosaic. However, such an inadequate consideration of alternatives is what led to the Preliminary injunction in the first place. July 30, 2010 Order at 13-16. Plaintiffs require the full amount of time to respond to these new arguments, particularly in order to allow Plaintiffs' expert witness to review Mosaic's submissions and prepare a response. There is no reason why Plaintiffs should be penalized by denying Plaintiffs sufficient time.

5) Plaintiffs do not agree Mosaic's plan to lay-off employees is financially necessary, or that it is a necessary result of this Court's order. Mosaic reports $2.5 billion in cash and cash equivalents as of May 31, 2010, and net earnings of $396.1 million for the fourth quarter ended May 31, 2010. (See attached). Mosaic could keep these employees on the payroll and cover their health insurance during the pendency of this litigation, particularly since the Court is accommodating Mosaic with expedited proceedings on the merits. The point of Mosaic's Motion to Stay is actually to avoid these costs, which the court already weighed against Mosaic.

6) If the Corps of Engineers' decision was not pre-decided, then it was possible as late as June, 2010 that the Corps would choose the "no action alternative" or choose to prepare an Environmental Impact Statement, either of which would have led to the delay

in the start of mining the South Fort Meade extension that Mosaic now complains of. Mosaic had no margin of error built into its plan in case it did not get their permit in June, and it must now bear the consequences of that lack of planning. Mosaic's business decisions are its responsibility, not those of Plaintiffs or the Court.

7) Plaintiffs do not agree that there will be no additional environmental harm from mining the wetlands Mosaic has already impacted. Clearing wetlands is not the only harm. Mosaic now proposes to dig 30-55 feet down through the wetlands, rock and groundwater to reach the ore. The Court is aware of the harm from this from the TRO and Preliminary Injunction proceedings, the EPA letters on the subject, and the Verified Complaint. Also, while the area might be relatively simply reclaimed at this point, once the mining is done the reclamation will be virtually impossible. Plaintiffs intend to submit an expert declaration on this harm and related matters with its response on August 30, 2010.

## **CONCLUSION**

For the reasons set forth above, Mosaic's request for expediting Plaintiffs' response to Mosaic's Motion for Stay should be denied

Respectfully submitted this 18th day of August, 2010

> **/s/ Eric E. Huber**
> Eric E. Huber
> *Pro Hac Vice* (Colo. Bar no. 40664)
> Sierra Club
> 1650 38th Street Suite 102W
> Boulder, CO 80301
> (303) 449-5595
> fax (303) 449-6520

        **/s/ Patrick Gallagher**
        Patrick Gallagher
        *Pro Hac Vice* (California Bar no. 146105)
        Sierra Club
        85 Second Street, 5th Floor
        San Francisco, CA 94105
        (415) 977-5709
        fax (415) 977-5793

        **/s/ Marcy I. LaHart**
        Marcy I. LaHart, Esq.
        Fla. Bar no. 0967009
        4804 SW 45th Street
        Gainesville, FL 32608
        (352) 224-5699
        fax (888) 400-1464

        **/s/ Brad E. Kelsky**
        Brad E. Kelsky, Esq.
        *Pro Hac Vice* (Fla. Bar No. 0059307)
        Law Offices of Brad E. Kelsky, P.A.
        10189 Cleary Blvd., Suite 102
        Plantation, FL 33324
        (954) 449-1400
        fax (954) 449-8986

        ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of August, 2010, I electronically filed the foregoing by using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

        Respectfully submitted,

        **/s/ Eric E. Huber**
        Eric E. Huber