**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| SIERRA CLUB, INC.; PEOPLE FOR PROTECTING THE PEACE RIVER, INC.; and MANASOTA-88, INC., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES ARMY CORPS OF ENGINEERS; and COLONEL ALFRED A. PANTANO, JR., <br><br> Defendants. <br><br> and <br><br> MOSAIC FERTILIZER, LLC, <br><br> Defendant-Intervenor. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )   Case No. 3:10-cv-00564-HLA-JBT |

**FEDERAL DEFENDANTS' ANSWER TO COMPLAINT**

The United States Army Corps of Engineers (Corps) and Colonel Alfred A. Pantano, Jr. (collectively, Federal Defendants) respond as follows to the Complaint for Declaratory and Injunctive Relief that Sierra Club, Inc., People for Protecting the Peace River, Inc., and Manasota-88, Inc. (collectively, Plaintiffs) filed on June 30, 2010. These responses are numbered to correspond to the paragraphs in Plaintiffs' Complaint. All allegations not specifically admitted below are denied.

**INTRODUCTION**

1.    Federal Defendants admit that, on June 14, 2010, the Corps issued Department of the Army Permit Number SAJ-1997-4099 (Permit) to Mosaic Fertilizer, LLC (Mosaic). The

remainder of paragraph 1 contains Plaintiffs' characterization of the Permit, which speaks for itself and is the best evidence of its content and meaning.

2.      Federal Defendants admit that phosphate mining impacts the environment and deny the remaining allegations in paragraph 2.

3.      Federal Defendants admit that the Corps determined that the National Environmental Policy Act did not require the preparation of an environmental impact statement for this project and that the Corps exercised its discretion not to hold a public hearing.  Federal Defendants deny the remaining allegations in paragraph 3.

4.      Federal Defendants deny that they failed to comply with the cited statutes.  The remaining allegations in paragraph 4 purport to characterize Plaintiffs' Complaint and require no response.

## JURISDICTION AND VENUE

5.      Plaintiffs' allegations regarding jurisdiction are conclusions of law that require no response.

6.      Federal Defendants admit that certain events giving rise to this action occurred in the Corps' Jacksonville District office and lack sufficient knowledge or information to form a belief as to whether Plaintiffs reside in this judicial district.  Plaintiffs' remaining allegations are conclusions of law that require no response.

## THE PARTIES

7.      Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 7, and therefore deny those allegations.

8.      Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8, and therefore deny those allegations.

9.      Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9, and therefore deny those allegations.

10.     Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10, and therefore deny those allegations.

11.     Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11, and therefore deny those allegations.

12.     Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12, and therefore deny those allegations.

13.     Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13, and therefore deny those allegations.

14.     Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14, and therefore deny those allegations.

15.     Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15, and therefore deny those allegations.

16.     Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 16, and therefore deny those allegations.

17.      Federal Defendants admit that Sierra Club, Protect Our Watersheds, and HARDCAP submitted comments in response to Mosaic's application for the subject Permit; that Sierra Club and HARDCAP requested a public hearing; and that Sierra Club requested to be included on the notice list of future permitting actions or environmental documents.  Federal Defendants deny the remaining allegations in paragraph 17.

18.     Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 18, and therefore deny those allegations.

19.     Federal Defendants deny that they have failed to follow the law or provide Plaintiffs an opportunity to comment on Mosaic's application.  Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 19, and therefore deny those allegations.

20.     Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 20, and therefore deny those allegations.

21.     Federal Defendants admit that the Secretary of the Army, acting through the Chief of Engineers, is authorized by § 404 of the Clean Water Act to issue permits for the discharge of dredged or fill material into navigable waters and also admit that the Corps is headquartered in Washington, D.C.

22.     Federal Defendants admit that Colonel Alfred A. Pantano, Jr. is the District Engineer for the Jacksonville District of the Corps and had the delegated authority to issue or deny a § 404 permit to Mosaic for the South Fort Meade Mine Extension.  The remainder of paragraph 22 contains conclusions of law to which no response is required.  To the extent a response is required, Federal Defendants deny the remaining allegations in this paragraph.

<u>**STATUTORY AND REGULATORY BACKGROUND**</u>

**Clean Water Act**

23.     Plaintiffs' allegations in paragraph 23 are conclusions of law that require no response. To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

24.     Plaintiffs' allegations in paragraph 24 are conclusions of law that require no response. To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

25.     Plaintiffs' allegations in paragraph 25 are conclusions of law that require no response. To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

26.     Plaintiffs' allegations in paragraph 26 are conclusions of law that require no response.

To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

27.     Plaintiffs' allegations in paragraph 27 are conclusions of law that require no response.

To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

## National Environmental Policy Act

28.     Plaintiffs' allegations in paragraph 28 are conclusions of law that require no response.

To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

29.     Plaintiffs' allegations in paragraph 29 are conclusions of law that require no response.

To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

30.     Plaintiffs' allegations in paragraph 30 are conclusions of law that require no response.

To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

31.     Plaintiffs' allegations in paragraph 31 are conclusions of law that require no response.

To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

32.     Plaintiffs' allegations in paragraph 32 are conclusions of law that require no response.

To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

33.     Plaintiffs' allegations in paragraph 33 are conclusions of law that require no response.

To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

34.     Plaintiffs' allegations in paragraph 34 are conclusions of law that require no response.

To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

## Endangered Species Act

35.     Federal Defendants admit that the Fish and Wildlife Service is an agency in the

Department of the Interior and the National Marine Fisheries Service is an agency in the

Department of Commerce.  Plaintiffs' remaining allegations in paragraph 35 are conclusions of

law that require no response.  To the extent a response is required, Federal Defendants deny the

remaining allegations in this paragraph.

36.      Plaintiffs' allegations in paragraph 36 are conclusions of law that require no response.

To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

**Administrative Procedure Act**

37.      Plaintiffs' allegations in paragraph 37 are conclusions of law that require no response.

To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

**FACTUAL AND PROCEDURAL BACKGROUND**

38.      With regard to the first sentence of this paragraph, Federal Defendants admit that the

Peace River Watershed contains highly valuable wetlands, water bodies, riparian, and estuarine

habitats, as well as scrub and other upland habitats.  With regard to the second sentence of this

paragraph, Federal Defendants admit that the United States Environmental Protection Agency

(EPA) has designated the Peace River and its watershed as an EPA Region IV Priority

Watershed.  Federal Defendants admit the allegations in the third sentence of this paragraph.

With regard to the fourth sentence of this paragraph, Federal Defendants admit that the Peace

River Watershed contributes freshwater flows to the Charlotte Harbor estuary.  Federal

Defendants lack sufficient knowledge or information to form a belief regarding the fifth and

sixth sentences in this paragraph, and therefore deny those allegations. Federal Defendants deny

the remaining allegations in this paragraph.

39.      Federal Defendants admit the allegations in the first sentence of this paragraph.  The

remainder of paragraph 39 contains Plaintiffs' characterization of National Marine Fisheries

Services' *Federal Register* notices, which speak for themselves and are the best evidence of their

content and meaning.  Federal Defendants deny the remaining allegations in this paragraph.

6

40.     Federal Defendants admit the first sentence of this paragraph.  The second and third sentence of this paragraph consists of legal argument, to which no response is required.  To the extent that the second sentence purports to characterize Dr. Ernest Peebles' analysis referenced in the first sentence, that analysis speaks for itself and is the best evidence of its contents. Federal Defendants deny the remaining allegations in this paragraph.

41.     Federal Defendants admit that the wood stork, Audubon's crested caracara, and the Eastern indigo snake are listed under the ESA and have been recorded in the vicinity of the South Fort Meade mining site.  Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations, including whether the site is "home" to any of these species, and on that basis deny them.

42.     Federal Defendants admit the allegations in the first through fourth sentences of this paragraph.  As to the fifth sentence of this paragraph, Federal Defendants admit that groundwater levels were as much as 50 feet below the riverbed elevation along the upper Peace River in the mid-1970s.  As to the sixth sentence of this paragraph, Federal Defendants admit that historic mining may have impacted native wetland and upland habitat in un-mined areas.  Federal Defendants deny the allegations in the seventh sentence of this paragraph.  The eighth sentence of this paragraph characterizes a report by the University of South Florida, Karst Research Group, "Underground Florida: Fieldtrip Guidebook of the West Central Florida Karst," (January 24-28, 2007), which speaks for itself and is the best evidence of its content and meaning. Federal Defendants deny the remaining allegations of this paragraph.

43.     Paragraph 43 characterizes a Florida Department of Environmental Protection "Rate of Reclamation (ROR) Report," which speaks for itself and is the best evidence of its content and meaning.

44.     Paragraph 44 characterizes a Florida Department of Environmental Protection ROR Report, which speaks for itself and is the best evidence of its content and meaning.

45.     Federal Defendants deny the allegations of this paragraph.

46.     Federal Defendants admit the allegations of this paragraph.

47.     The first sentence of paragraph 47 characterizes the National Marine Fisheries Service's (NMFS) June 13, 2007, comment letter to the Corps, which speaks for itself and is the best evidence of its content and meaning.  Federal Defendants admit that the Corps did not contact NMFS regarding the Permit application after receiving NMFS' June 13, 2007, comment letter.

48.     Paragraph 48 characterizes EPA's June 26 and August 23, 2007, letters to the Corps, which speak for themselves and are the best evidence of their content and meaning.

49.     Paragraph 49 characterizes EPA's June 26 and August 23, 2007, letters to the Corps, which speak for themselves and are the best evidence of their content and meaning.

50.     Paragraph 50 characterizes Sarasota County Board of County Commissioners' (BOCC) July 12, 2007, letter to the Corps, Charlotte County BOCC's July 12, 2007, letter to the Corps, and Lee County BOCC's August 9, 2007, letter to the Corps, which speak for themselves and are the best evidence of their content and meaning.

51.     As to the first sentence of this paragraph, Federal Defendants admit that Mosaic did not submit additional information to the Corps in response to EPA's June 26 and August 23, 2007, letters until May 14, 2009.  As to the second sentence of this paragraph, Federal Defendants admit that, during the time between EPA's June 26 and August 23, 2007 letters and Mosaic's May 14, 2009, submittal, a public hearing was not held and an environmental impact statement was not developed.  Federal Defendants deny the remaining allegations of this paragraph.

52.     Paragraph 52 characterizes EPA's January 15, 2010, letter to the Corps, which speaks for itself and is the best evidence of its content and meaning.

53.     Paragraph 53 characterizes EPA's March 10, 2010, letter to the Corps, which speaks for itself and is the best evidence of its content and meaning.

54.     Paragraph 54 characterizes the U.S. Fish and Wildlife Services' May 28, 2010, Biological Opinion, which speaks for itself and is the best evidence of its content and meaning.

55.     Paragraph 55 characterizes EPA's June 8, 2010, letter to the Corps, which speaks for itself and is the best evidence of its content and meaning.

56.     Federal Defendants admit that the Corps issued a permit to Mosaic for the South Fort Meade mine based on an environmental assessment and statement of findings, which made a Finding of No Significant Impact, without consultation with NMFS on the small-toothed sawfish and without having held a public hearing.  Federal Defendants deny the remaining allegations of this paragraph.

57.     Paragraph 57 characterizes the Corps' June 14, 2010, environmental assessment and statement of findings for the Permit, which speaks for itself and is the best evidence of its content and meaning.

58.     Paragraph 58 characterizes the Corps' June 14, 2010, environmental assessment and statement of findings for the Permit, which speaks for itself and is the best evidence of its content and meaning.

59.     Paragraph 59 characterizes the Corps' public hearing evaluation found on page 95 of the June 14, 2010, environmental assessment and statement of findings for the Permit, which speaks for itself and is the best evidence of its content and meaning.

60.     Paragraph 60 characterizes a June 25, 2010, news article, which speaks for itself and is the best evidence of its content and meaning.

61.     Federal Defendants admit that Mosaic has machinery and equipment at the South Fort Meade site, and deny the remaining allegation in paragraph 61.

## GENERAL ALLEGATIONS

62.     Federal Defendants deny the allegations in this paragraph.

63.     Federal Defendants deny the allegations in this paragraph.

64.     Federal Defendants deny the allegations in this paragraph.

65.     Federal Defendants deny the allegations in this paragraph

66.     Federal Defendants admit that Sierra Club's Greater Charlotte Harbor Group, HARDCAP, and seven others requested that the Corps hold a public hearing on the Permit application and that the Corps declined to hold a public hearing.  Federal Defendants deny the remaining allegations in paragraph 66.

## CLAIMS FOR RELIEF

67.     Federal Defendants reassert their responses to paragraphs 1-66.

## COUNT 1

68.     Federal Defendants deny the allegations in this paragraph.

69.     Federal Defendants deny the allegations in this paragraph.

## COUNT 2

70.     Federal Defendants deny the allegations in this paragraph.

71.     Federal Defendants deny the allegations in this paragraph.

## COUNT 3

72.    Except to admit that the Corps did not consult with NMFS regarding the small-toothed

sawfish, Federal Defendants deny the allegations of this paragraph and aver that ESA Section 7

consultation was not required in this case.

73.    Federal Defendants deny the allegations in this paragraph.

74.    Federal Defendants deny the allegations in this paragraph.

75.    Federal Defendants deny the allegations in this paragraph.

## PRAYER FOR RELIEF

The remaining paragraphs state Plaintiff's prayer for relief, to which no response is

required.  To the extent a response is required, Federal Defendants deny that Plaintiffs are

entitled to the requested relief or any relief whatsoever.

## DEFENSES

Without limiting or waiving any defenses available to it, Federal Defendants assert the

following:

### First Defense

Plaintiff fails to state a claim upon which relief can be granted.

### Second Defense

Federal Defendants' actions were not arbitrary, capricious, or contrary to law.

### Third Defense

Plaintiffs are barred from raising issues that they did not raise in comments during the

administrative process.

**Fourth Defense**

The Complaint does not describe the claims with sufficient particularity to allow Federal

Defendants to ascertain what other defenses may exist at this time, and therefore Federal

Defendants reserve the right to assert all defenses which may pertain to the Complaint once it

ascertains the precise nature of the claims in the future

**Fifth Defense**

The Court lacks jurisdiction over Count III due to Plaintiffs' failure to comply

with the ESA's notice provision, 16 U.S.C. § 1540(g).

## REQUEST FOR RELIEF

WHEREFORE, Federal Defendants ask that the Complaint be dismissed with prejudice,

that each of Plaintiffs' requests for relief be denied in their entirety, and that Federal Defendants

be awarded any additional relief the Court deems just and proper.

Respectfully submitted this 13th day of September, 2010,

> IGNACIA S. MORENO
> Assistant Attorney General
> Environment and Natural Resources Division
>
> */s/ Adam J. Katz*
> ADAM J. KATZ
> Trial Attorney
> United States Department of Justice
> Environmental Defense Section
> P.O. Box 23986
> Washington, DC 20026-3986
> Phone: (202) 514-2689
> Fax: (202) 514-8865
> adam.katz@usdoj.gov

J. NATHANAEL WATSON
Trial Attorney
United States Department of Justice
Natural Resources Section
P.O. Box 663
Washington, DC 20044
Phone:  (202) 305-0475
Fax:  (202) 305-0267
joseph.watson@usdoj.gov

ROBERT P. WILLIAMS
Trial Attorney
United States Department of Justice
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, DC 20044-7369
Phone: (202) 305-0210
Fax: (202) 305-0275
robert.p.williams@usdoj.gov

Attorneys for Federal Defendants

OF COUNSEL:

Christina D. Storz
United States Army Corps of Engineers

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing was served September 13, 2010

via (1) CM/ECF to all counsel who have consented to that form of service, and (2) e-mail to

remaining counsel, each of whom has consented to service by email.

*/s/ Adam J. Katz*