FILED

UNITED STATES COURT OF APPEALS
For the Eleventh Circuit

2011 MAY -4  PH 4:00

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 8, 2011
JOHN LEY
CLERK

Nos. 10-13613 ; 10-13830

District Court Docket No.
3:10-cv-00564-HLA-JBT

SIERRA CLUB, INC.,
PEOPLE FOR PROTECTING PEACE RIVER, INC.,
MANASOTA-88, INC.,

Plaintiffs - Appellees,

versus

UNITED STATES ARMY CORPS OF
ENGINEERS, et al.,

Defendants,

MOSAIC FERTILIZER, LLC,

Intervenor - Defendant - Appellant.

Appeals from the United States District Court for the
Middle District of Florida

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

Entered: April 08, 2011
For the Court: John Ley, Clerk of Court
By: Jeff R. Patch

ISSUED AS MANDATE
MAY 03 2011
U.S. COURT OF APPEALS
ATLANTA GA

CORRECTED

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

Nos. 10-13613, 10-13830

D. C. Docket No. 3:10-cv-00564-HLA-JBT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 8, 2011
JOHN LEY
CLERK

SIERRA CLUB, INC.,
PEOPLE FOR PROTECTING PEACE RIVER, INC.,
MANASOTA-88, INC.,

Plaintiffs-Appellees,

versus

UNITED STATES ARMY CORPS OF
ENGINEERS, et al.,

Defendants,

MOSAIC FERTILIZER, LLC,

Intervenor-Defendant-Appellant.

Appeals from the United States District Court
for the Middle District of Florida

(April 8, 2011)

Before MARTIN, FAY and BLACK, Circuit Judges.

PER CURIAM:

Defendant-Appellant Mosaic Fertilizer, LLC (Mosaic), a phosphate mining company engaged in significant operations in Hardee County, Florida, appeals the order by the district court remanding a mining-permit issued by the United States Army Corps of Engineers (Corps) back to the agency and further enjoining Mosaic from conducting operations approved in that permit. Specifically, the district court concluded the permit's issuance did not comply with the requirements of the Clean Water Act, 33 U.S.C. §§ 1251-1376, and that the Plaintiff-Appellees had demonstrated they were entitled to preliminary injunctive relief. In this interlocutory appeal, Mosaic argues the district court's order was a de facto determination of the merits of the Clean Water Act issue that exceeded the proper scope of preliminary injunctive relief. Based upon our review of the briefs, and with the benefit of oral argument, we conclude the district court's remand of the permit to the Corps was improper because it was effectively a final judgment on the merits.

The district court based the entry of the preliminary injunction entirely on letters from the Environmental Protection Agency which expressed concerns with the permit, and failed to apply the arbitrary and capricious standard in evaluating the Corps' practicable alternatives analysis. While the Environmental Protection

2

Agency letters may prove to be helpful in evaluating the ultimate merits of the Clean Water Act claim, the full record will need to be analyzed through the deferential lens mandated by the Administrative Procedure Act to determine whether the Corps came to a rational conclusion.

Based on the limited record before us, and the lack of a response from the Corps on appeal, we are presently no better equipped to resolve this dispute than was the district court.[1] We therefore vacate the preliminary injunction, set aside the remand to the Corps, and remand this case to the district court for consideration on the merits, after receiving the full Administrative Record.[2]

Due to the unique circumstances presented by this case, we direct the district court to stay the issuance of the permit for 90 days from the date of this order to permit the district court to proceed to a merits determination on the full record.[3]

**VACATED AND REMANDED.**

---

[1] Counsel for Mosaic requested additional time to file a supplemental response. We have determined a supplemental response to the issue he wished to address would not have any effect on this decision.

[2] We take no position on the merits of the Plaintiff-Appellees' alternative grounds for relief.

[3] The parties may stipulate to a shorter or longer stay.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By:
Deputy Clerk
Atlanta, Georgia