IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| SIERRA CLUB, INC.; PEOPLE FOR PROTECTING THE PEACE RIVER, INC.; and MANASOTA-88, INC., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES ARMY CORPS OF ENGINEERS; and COLONEL ALFRED A. PANTANO, JR., <br><br> Defendants, <br><br> and <br><br> MOSAIC FERTILIZER, LLC, <br><br> Defendant-Intervenor. | Case No. 3:10-cv-00564-HLA-JBT |

**PLAINTIFFS' MOTION FOR LEAVE TO
SUPPLEMENT AND AMEND THE AMENDED COMPLAINT REGARDING
MOSAIC'S "NOTICE OF AREA 2 MINING"**

On April 19, 2011, two days before this Court's Status Conference after the 11th Circuit order, Mosaic filed its "Notice of Area 2 Uplands Mining." Mosaic's Notice came after this case had been pending for 10 months, on the eve of the parties' expedited summary judgment briefing to meet the 11th Circuit's order.

Plaintiffs now seek leave of court pursuant to Fed.R.Civ.P. 15(d) to supplement their Amended Complaint to include this new event; and to amend their complaint pursuant to Fed.R.Civ.P. 15(a)(2) to add a claim under NEPA that the Corps must prepare a supplemental Environmental Assessment (EA) to address this new development. This will not delay the summary judgment briefing as Plaintiffs can address it in their brief,

within the existing schedule and page limitations. Attached hereto is Plaintiff's Second Supplemental and Amended Complaint for Declaratory and Injunctive Relief.

Plaintiffs certify that they have conferred with counsel for Federal Defendants and Mosaic Fertilizer, Inc. (Mosaic) pursuant to Local Rule 3.01(g), who indicate that they oppose this motion.

I.  **INTRODUCTION AND BACKGROUND**

Mosaic claims that mining the 700 acre "Area 2" is exempt from a Clean Water Act §404 permit since it allegedly will be mining uplands only. However, those 700 acres are not within the 1,033 acre uplands only area that the Corps identified as mineable without a §404 permit, i.e. the "no action" area. Therefore, Mosaic's Notice constitutes new information that the Corps' definition of the "no-action" alternative was incomplete or erroneous. In addition, this calls for a supplemental Environmental Assessment by the Corps to address this new alternative, since it was not previously considered, and for the Corps to address the impact of this action on the wetlands in and adjacent to Area 2.

Regardless of whether a § 404 permit is required to mine the uplands in Area 2, the "Notice of Area 2 Mining" supports Plaintiffs' existing claims in Counts I and II of the Amended Complaint that there were other practicable alternatives to this overall 7,687 acre mining project that were not considered by the Corps, and hence the Corps' CWA and NEPA analyses were incomplete and invalid. As this Court has found, the alternatives analysis was based on a baseline "no action" alternative (avoiding all wetlands) that assumed Mosaic could mine only 1,033 acres of "uplands" without a § 404 permit. Because the Area 2 uplands are *not* within that 1,033 acres of uplands that the

Corps analyzed,[1] the §404 permit is necessary for this action or the "no action" area is larger than the Corps believed. Mining this additional area also constitutes a new alternative to mining the wetlands that the Corps did not consider in its NEPA or CWA analyses.

## II.     DISCUSSION

### A.     Plaintiffs Should be Granted Leave to Supplement the Complaint to add Facts on the new "Area 2" Mining

The Federal Rules provide that "[o[n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15 (d). The Eleventh Circuit recognizes that "[a] supplemental pleading is an appropriate vehicle by which to 'set forth new facts in order to update the earlier pleading, or change the amount or nature of the relief requested in the original pleading.'" *Alabama v. U.S. Army Corps of Engineers*, 382 F. Supp. 2d 1301, 1309 (N.D. Ala. 2005) (quoting *Lussier v. Dugger,* 904 F.2d 661, 670 (11th Cir.1990)).

As set forth above, Mosaic's Notice of Area 2 Mining constitutes a new event and/or occurrence that has happened since Plaintiffs filed the Second Amended Complaint. This new occurrence supports Plaintiffs' claims, hence supplementation of the complaint with these facts is appropriate.

---

[1] A comparison of Map C-30 (AR: 2010_06_Permit Instrument Attachment 1g pdf, at 36) to Exhibit A of Mosaic's Notice of Area 2 Mining (Dkt. 118-1) demonstrates that Area 2 is west of County Road 664B/Platt Road as shown on Exhibit A, whereas the "no action" uplands are east of that road as shown on Map C-30. In addition, as shown on Map C-30, the only other "no action" uplands are in an area north of Area 2, which are clearly separated from Area 2 by a large area of jurisdictional wetlands. In short, none of the 700 acres of Area 2 are included in the 1,033 acre "No Action" zone.

Count I of the Amended Complaint alleges that Defendants did not adequately analyze all reasonable alternatives to the project in violation of NEPA and its implementing regulation, 40 C.F.R. § 1502.14. Count II alleges that the Corps did not analyze all alternatives that would minimize the impacts to wetlands, in violation of CWA regulations 40 C.F.R. § 230.10 (2010) and C.F.R. § 320.4(r) (2010). The EPA repeatedly objected to the South Fort Meade project on the grounds that the Corps and Mosaic had not explained why Mosaic could not mine with a smaller footprint. The EPA noted, *inter alia*, that Mosaic's "cost analysis is not sufficient, and does not analyze any iterative combinations of a reduced number of stream crossings or other on-site alternatives matched to Mosaic's ability to meet them." (AR:2010_06_08 EPA Ltr to Corps).

The Corps and Mosaic have argued that all reasonable alternatives were analyzed, and that there were no lesser practicable alternatives that would have less impacts to jurisdictional wetlands. *See, e.g*., Dkt. 109 at ¶ 65; Dkt. 113 at ¶ 65; Dkt. 56 at 6-7; Dkt. 51 at 21-22. However, the Notice of Area 2 Mining demonstrates that there is *another* practicable alternative to the project that the Corps did not consider in the EA. Considering that Mosaic took nearly six months to mine Phase I, it stands to reason that Mosaic can mine for at least another 18 months under this "Area 2" alternative, which would meet the project purpose of keeping Mosaic's beneficiation plant operating. This is exactly the type of alternative that EPA repeatedly asked the Corps to analyze in the EA, to no avail.

### B. Plaintiffs Should be Granted Leave to file a Second Amended Complaint to add a Claim for a Supplemental Environmental Assessment to take into Account Area 2 Mining

A party may also seek leave of the court to amend a complaint, and "[t]court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[I]n the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.'" *Loggerhead Turtle v. County Council of Volusia, Fla.,* 148 F.3d 1231, 1255 (11th Cir.1998) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)). "Supreme Court and Eleventh Circuit law illustrate courts' willingness to allow plaintiffs to supplement complaints with new claims that arise after the filing of the action when those claims are related to the claims in the original complaint." *Alabama*, 382 F. Supp. 2d at 1330 (citing *Griffin v. Sch. Bd. of Prince Edward County,* 377 U.S. 218, 226 (1964); *Vesta Fire Ins. Corp. v. Florida,* 141 F.3d 1427, 1432 n. 9 (11th Cir.1998)). "Considerations of efficient administration of justice" and avoiding "multiplicitous litigation" should weigh in favor of allowing supplementation." *Alabama*, 382 F. Supp. 2d at 1330-31.

To begin with, Plaintiffs' Motion for Leave to Amend the Complaint is timely and there has been no delay because Mosaic first gave notice of its intent to mine Area 2 on April 19, 2011. Because Mosaic just gave notice of its intent, it cannot claim prejudice from the amendment, nor can the Corps. The new NEPA claim alleging the requirement of a supplement to the EA to take into account Area 2 mining as an alternative is related

to the claims in the original complaint. All claims are based on the Corp's issuance of the EA/FONSI and § 404 permit for Mosaic's South Fort Meade mine and arise out of the same operative facts. No new evidence is necessary to consider this claim beyond that which is already on file. This new claim will be addressed by Plaintiffs in Plaintiffs' Motion for Summary Judgment (due May 6, 2011), hence this will not delay proceedings.

Mosaic's planned Area 2 mining gives rise to a new NEPA claim because it constitutes new information and a substantial change to the project that requires a supplemental EA. NEPA requires a supplemental Environmental Impact Statement when significant new information or changes in a project implicate significant changes in the environmental analysis:

> (1) Agencies…[s]hall prepare supplements to either draft or final environmental impact statements if: (i) The agency makes substantial changes in the proposed action that are relevant to environmental concerns; or (ii) There are significant new circumstances or information relevant to environmental concerns and bearing on the proposed action or its impacts. (2) [Agencies] may also prepare supplements when the agency determines that the purposes of the Act will be furthered by doing so.

40 C.F.R. § 1502.9 (1978).

The use of the word 'shall' is mandatory: it creates a duty on the part of the agency to prepare a supplemental EIS if substantial changes from any of the proposed alternatives are made and the changes are relevant to environmental concerns. *Marsh v. Oregon Natural Res. Council*, 490 U.S. 360, 372 (1989); *see also Dubois v. U.S. Dep't. of Agric.*, 102 F.3d 1273, 1292 (1st Cir. 1996). Courts apply these supplementation requirement equally to EAs – such as the Corps' South Fort Meade Extension EA in this case. *See, e.g., Idaho Sporting Congress, Inc., v. Alexander*, 222 F.3d 562, 566 (9th Cir. 2000).

Here, mining the Area 2 uplands constitutes a substantial change in the project and significant new information relevant to environmental concerns. Mining the Area 2 uplands requires changing the mine plan in several ways. First, Mosaic will change the order in which the mining areas are developed. Compare Notice of Area 2 Mining to Map C-16. AR:2010_06_14 Permit Instrument Attachment 1e at 34. Second, it changes the mine plan by adding a new access corridor through which the draglines will access Area 2, which will likely have adverse impacts. Compare Notice of Area 2 Mining to Map C-16. *Id.* Finally, it requires Mosaic to move the ditch and berm system from what was originally proposed so as not to impact wetlands. Compare Notice of Area 2 Mining to Map C-21. AR:2010_06_14 Permit Instrument Attachment 1g at 1.

The EA's alternatives analysis was based on the "no action alternative" that assumed Mosaic could mine 1,033 acres of "uplands" without destroying wetlands. Mosaic's assertion that it can now mine 700 *additional* acres without impacting wetlands renders the EA's alternatives analysis outdated and invalid. Adding approximately 70% of acreage and ore to the "no action" alternative, *i.e.* the alternative that can be performed without a § 404 permit, is a significant change because the "no action" alternative is the baseline to which all other practicable alternatives are compared. The alternatives analysis "is the heart of the environmental impact statement" and Environmental Assessment. 40 C.F.R. § 1502.14. Thus, an event that changes the entire context of that analysis, such as mining Area 2, is relevant to all of the environmental concerns implicated by the project.

Furthermore, mining Area 2 is relevant to environmental concerns because it will impact wetlands. The potential wetlands impacts of Area 2 mining must be considered in

a supplemental EA. The Corps determined that it has jurisdiction over the entire 10,856-acre project site because, "[a]lthough upland fill is not subject to the jurisdiction of the Corps, fill would not be placed in uplands but for the placement of fill into waters of the U.S., including wetlands." EA, at 7-8. In other words, uplands mining is inextricably linked to, and depends on, the destruction of wetlands. Furthermore, Mosaic's previous representations suggest that jurisdictional wetlands will, in fact, be impacted by the mining of uplands. *See, e.g.*, Declaration of Thomas Myers, Mosaic's Assistant Vice President (Dkt. 96-3) at ¶¶ 11-15; see also Declaration of Brian Winchester (Dkt. 120-5) (explaining the hydrologic impacts of Area 2 uplands mining).

Finally, granting Plaintiffs leave to file a Second Amended Complaint would further efficient administration of justice and would avoid multiplicitous litigation. If the Court denies Plaintiffs leave to amend, Plaintiffs' only recourse for bringing the EA supplementation claim would be to file a new action. This would be an inefficient use of resources, as it would require all parties and this Court to duplicate the time and effort that they have already spent on this case.

## **CONCLUSION**

For the reasons set forth above, Plaintiffs' respectfully seek leave to supplement and amend their Amended Complaint pursuant to Fed.R.Civ.P. 15, and that the Court deem the attached Second Supplemental and Amended Complaint to be filed.

Respectfully submitted this 4th day of May, 2010

/s/ **Eric E. Huber**
Eric E. Huber
*Pro Hac Vice* (Colo. Bar no. 40664)
Sierra Club
1650 38th Street Suite 102W
Boulder, CO 80301
(303) 449-5595
fax (303) 449-6520

/s/ **Marcy I. LaHart**
Marcy I. LaHart, Esq.
Fla. Bar no. 0967009
4804 SW 45th Street
Gainesville, FL 32608
(352) 224-5699
fax (888) 400-1464

ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of May, 2010, I electronically filed the foregoing by using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

Respectfully submitted,

/s/ **Eric E. Huber**
Eric E. Huber