**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| SIERRA CLUB, INC., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES ARMY CORPS OF | ) | Case No. 3:10-cv-00564-HLA-JBT |
| ENGINEERS, *et al.,* | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MOSAIC FERTILIZER, LLC, | ) | |
| | ) | |
| Intervenor-Defendant. | ) | |
| | ) | |

**FEDERAL DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE
TO SUPPLEMENT AND AMEND THE AMENDED COMPLAINT (ECF 130)**

Federal Defendants oppose Plaintiffs' Motion for Leave to Supplement and Amend the

Amended Complaint to add a claim under the National Environmental Policy Act (NEPA).  ECF

No. 130 (Pl's Mot.).  The new NEPA claim is based on events that occurred after the U.S. Army

Corps of Engineers issued the permit and Environmental Assessment (EA) that Plaintiffs

challenge, and the after-arising issues are thus not suitable for resolution in this "record review"

case.  In light of the expedited schedule that Plaintiffs proposed and the Court adopted over the

objections of all defendants, Plaintiffs' decision to wait to move to amend and supplement their

complaint until two days before filing for summary judgment places an undue burden on the

Court and Federal Defendants.  Accordingly, Plaintiffs' motion should be denied as untimely.

Finally, amendment is futile because the proposed claim, which alleges a non-discretionary duty

on the part of the Corps, is subject to dismissal for lack of jurisdiction.  There is no waiver of

sovereign immunity that would allow this Court to review the new claim.

## BACKGROUND

Plaintiffs seek review of the June 14, 2010 decision by the Corps to issue a Clean Water Act Section 404 permit for activities related to Intervenor Defendant Mosaic's mining activities. ECF No. 109.  The Court entered a preliminary injunction on July 30, 2010, prohibiting Mosaic from proceeding under the permit. ECF No. 88 (Preliminary Injunction Order).  The Court concluded that Sierra Club was likely to prevail on the merits of its claim under Section 404 of the Clean Water Act, 33 U.S.C. § 1344, and that "the evidence produced at this stage in the proceedings is insufficient" to conclude that the Corps violated NEPA.  *Id.* at 12, 16-17.

On April 8, 2011, the Court of Appeals vacated this Court's Preliminary Injunction Order and directed this Court to analyze the merits "through the differential lens mandated by the Administrative Procedure Act" to determine whether the Corps came to a rational conclusion and remanded the case for further proceedings. ECF No. 129 at 4 (Remand Order).

Mosaic has since filed a Notice that it will begin to mine approximately 700 acres of uplands on a portion of the Site that it refers to as "Area-2" (ECF No. 118), and Sierra Club filed a response asking this Court to "clarify" that the Eleventh Circuit's stay prohibits Mosaic from mining uplands.  ECF No. 120 at 1.  At the April 21, 2011 status conference, Sierra Club's counsel again raised the issue of Area-2 mining, to which the Court responded as follows:

> If this permit was required for that area and includes that area, I will tell you, I think it's stayed. That would be my interpretation at this point. Having said that, I see that part of your argument relates to some state and local permits . . . . Well, if it does require some state or local permits, then I would suggest that *you might want to go to state court* and enforce that issue.

Tr. at 14-15 (emphasis added).

2

Despite this Court's suggestion that Sierra Club might have a state court remedy, Sierra Club subsequently moved to amend and supplement its complaint to press the issue in *this Court*.

Plaintiffs' motion pertains to Mosaic's Notice.  Specifically, Plaintiffs seek leave to supplement and amend their existing complaint to "add a claim under NEPA that the Corps must prepare a supplemental Environmental Assessment (EA)" in connection with the uplands mining.  Pl's Mot. at 1.  Plaintiffs' new claim, set forth in Count IV of the proposed Second Supplemental and Amended Complaint, alleges a non-discretionary duty on the part of the Corps to prepare a supplemental EA as a result of Mosaic's April 19, 2011 Notice of Area 2 Mining.  ECF No. 130-1 at 38-39.  Even though the motion is pending, Sierra Club has sought summary judgment on this new claim.  ECF No. 133.

## LEGAL STANDARD

The grant or denial of a motion for leave to amend or supplement a complaint lies within the sound discretion of the trial court.  *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971) (regarding amendment); *Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1211 (11th Cir. 2008) (regarding supplementation).  The exercise of this discretion is governed by Federal Rule of Civil Procedure 15(a) and (d).[1/]

Rule 15(a)(2) provides that leave to amend a pleading should be "freely giv[en] . . . when justice so requires."  However, a court need not "allow an amendment (1) where there has been

---

[1/]   It is unnecessary for Plaintiffs to seek both amendment and supplementation of their existing complaint.  If Plaintiffs are allowed to amend their complaint, the new complaint would supercede prior complaints, and require a responsive pleading on the part of the Defendants.  *Fritz v. Standard Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982).  There would then be no basis to supplement the complaint.  In any event, the legal standard is the same under Rule 15(a) or (d).

3

undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile."  *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curium) (citation omitted); *Grills v. Philip Morris USA, Inc.*, 645 F. Supp. 2d 1107, 1129 (M.D. Fla. 2009).  A proposed amendment is futile if the court cannot exercise jurisdiction over the proposed amended claims.  *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004); *Smith v. Trans-Siberian Orchestra*, 728 F. Supp. 2d 1315, 1319-20 (M.D. Fla. 2010).

Rule 15(d) provides that a party may, on motion and reasonable notice, supplement a pleading to "set[] out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  A supplemental pleading is an appropriate vehicle by which to "set forth new facts in order to update the earlier pleading, or change the amount or nature of the relief requested in the original pleading," 6A C. Wright, A. Miller, & M. K. Kane, 4 *Federal Practice and Procedure* § 1504 at 177 (footnotes omitted).  As with a motion to amend, a court may deny a motion to supplement a complaint for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Freeman v. Continental Gin Co.*, 381 F.2d 459, 469-70 (1962).

## ARGUMENT

### I.   PLAINTIFFS' MOTION SHOULD BE DENIED AS UNTIMELY

Plaintiffs' challenges to the Corps' compliance with both the Clean Water Act and NEPA

are brought pursuant to the Administrative Procedure Act (APA), 5 U.S.C. § 706(2), which

provides that a district court may set aside agency action, findings, and conclusions that are

"arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law."

*Sierra Club v. Van Antwerp*, 526 F.3d 1353, 1359-60 (11th Cir. 2008) (applying "arbitrary and

capricious" standard in review of Corps actions under Clean Water Act and NEPA).  A

reviewing court should apply the "arbitrary or capricious" standard to the agency decision based

on the record the agency presents to the reviewing court.  *Florida Power & Light Co. v. Lorion*,

470 U.S. 729, 743-44 (1985); *Miccosukee Tribe of Indians of Florida v. United States*, 396 F.

Supp. 2d 1327, 1330 (S.D. Fla. 2005).  Judicial review is limited to the administrative record as

it existed at the time of the agency's decision.  *C.I.R. v. Neal*, 557 F.3d 1262, 1279 (11th Cir.

2009).

     Plaintiffs' proposed new claim is not relevant to this Court's consideration of whether the

Corps' decision to issue a permit to Mosaic was arbitrary and capricious because the new claim

is based entirely on events that post-date that decision.  *See, e.g., Nat'l Wildlife Fed'n v. United

States Army Corps of Eng'rs*, 384 F.3d 1163, 1176 n.16 (9th Cir. 2004) ("We cannot rely on

information available only after the Corps' issuance of the 2001 ROD in evaluating whether the

2001 ROD was arbitrary and capricious or contrary to law."); *Newton County Wildlife Ass'n v.

Rogers*, 141 F.3d 803, 808 (8th Cir. 1998) (refusing to consider information "not available to the

Forest Service when it prepared the Environmental Assessments").

     Plaintiffs' new claim alleges a non-discretionary duty on the part of the Corps to prepare

a supplemental EA as a result of Mosaic's April 19, 2011 Notice of Area 2 Mining.  ECF No.

130-1 at 38-39.  However, in evaluating the Corps' June 2010 permit decision under the APA,

the Court may not consider events that occurred nearly a year later.[2]   *C.I.R. v. Neal*, 557 F.3d at

1279 ("[I]t is a fundamental tenet of administrative law that a court is 'ordinarily limited to

consideration of the decision of the agency . . . and of the evidence on which it was based.'").

Moreover, allowing Plaintiffs to add a new claim at this date would prejudice Federal

Defendants.  The Federal Defendants are working to meet an expedited briefing schedule that

Plaintiffs proposed and this Court adopted over Federal Defendants' objection.  Despite knowing

of Mosaic's intent to press forward with Area 2 mining since at least mid-April (ECF No. 130),

Plaintiffs waited until after the Court adopted its preferred briefing schedule before moving to

add this new claim.  Then, without waiting for the Court to decide whether amendment would be

allowed, Plaintiffs sought summary judgment on their new claim.  In addition, Plaintiffs

acknowledge that they could bring a new action in order to advance their EA supplementation

claim.  (Pl's Mot. at 8).  The undue prejudice to the Federal Defendants is patent.  *Cf. Dyer v.

Publix Super Markets, Inc.*, Nos. 8:97-CV-2706-T-25E, 8:98-CV-2507-T-25B, 2000 WL 374580

at *2 (M.D. Fla. April 14, 2000) (finding that "practical concerns" outweighed any benefit of

allowing amendment of complaint).

## II.   PLAINTIFFS' MOTION SHOULD BE DENIED AS FUTILE

Plaintiffs' proposed new Count IV asserts a mandatory duty on the part of the Corps to

prepare a supplemental EA in light of Mosaic's Notice of Area 2 Mining.  ECF No. 130-1 at 38-

39.  There is no waiver of sovereign immunity applicable to the new claim proposed by

Plaintiffs.  Plaintiffs' motion should thus be denied on the grounds of futility, as Plaintiffs' new

---

[2]   Although Plaintiffs state in their motion that they would rely on the Administrative Record
presented by the Corps, they have nevertheless filed extra-record documentation in connection
with their Motion for Summary Judgment.  ECF No. 133-1.

claim would not survive a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1).

Federal courts are courts of limited jurisdiction and may only hear cases or controversies authorized by the Constitution and by statute. *Exxon Mobil Corp. v. Allapattah Servs. Inc.*, 545 U.S. 546, 552 (2005). Any waiver of the government's sovereign immunity "must be explicitly and unequivocally authorized by the statute giving rise to the cause of action." *Frounfelter v.Leavitt*, 563 F.Supp.2d 1327, 1332 (M.D. Fla. 2008) (citing *United States v Testan*, 424 U.S. 392, 399 (1976)). "Because Congress decides whether federal courts can hear cases at all, it can also determine when, and under what conditions, federal courts can hear them." *Bowles v. Russell*, 551U.S.205, 212-13 (2007). Thus, any waiver of sovereign immunity must be "construed strictly in favor of the sovereign . . . and not enlarge[d] . . . beyond what the language requires." *United States Dept. of Energy v. Ohio*, 503 U.S. 607, 615 (1992) (citation omitted); *see also Sierra Club v. Tennessee Valley Auth.*, 430 F.3d. 1337, 1355 (11th Cir. 2005).

In the proposed Second Supplemental and Amended Complaint, Plaintiffs cite to the following as the alleged basis for jurisdiction: (1) the Clean Water Act; (2) the National Environmental Policy Act; (3) the Administrative Procedure Act; (4) the federal question statute, 28 U.S.C. § 1331; (4) the Mandamus Act, 28 U.S.C. § 1361l; and (5) the Declaratory Judgment Act, 28 U.S.C. § 2201-2202. ECF No. 130-1 at 4. However, none of these statutory citations provides a waiver of sovereign immunity for Plaintiffs' proposed mandatory duty claim.

The federal question statute, 28 U.S.C. § 1331, operates only as a grant of general jurisdiction, and requires an accompanying waiver of sovereign immunity for claims against the United States or federal agencies. *See, e.g., Beale v. Blount*, 461 F.2d 1133, 1138 (5th Cir.

1972); *O'Brien v. United States*, 18 F. Supp. 2d 1356, 1358 (N.D. Ga. 1998).  Where a plaintiff

cites the federal question statute as a basis for jurisdiction, that plaintiff must also cite some

statute that provides a waiver of the federal government's sovereign immunity for each claim.

*O'Brien*, 18 F. Supp. 2d at 1358.  Similarly, neither the Mandamus Act nor the Declaratory

Judgment Act contain a waiver of sovereign immunity, as it is well-recognized that those statutes

merely create a remedy and are not independent bases for jurisdiction.  *Skelly Oil Co. v. Phillips*

*Petroleum Co.*, 339 U.S. 667, 671-72 (1950) (holding that Declaratory Judgment Act is not a

waiver of sovereign immunity); *Washington Legal Foundation v. United States Sentencing*

*Comm'n*, 89 F.3d 897, 901 (D.C. Cir. 1996) (holding that Mandamus Act is not a waiver of

sovereign immunity); *Holcomb v. IRS*, No. 99-370-CIV-ORL-99A, 2000 WL 1039491 at *2, n.1

(M.D. Fla. May 9, 2000) (same).

The only waiver of sovereign immunity contained within the Clean Water Act is found at

Section 505 of the Act, 33 U.S.C. § 1365, which allows any citizen to commence a civil action

on his own behalf

> (1) against any person (including (i) the United States, and (ii) any other
> government instrumentality or agency to the extent permitted by the
> eleventh amendment to the Constitution) who is alleged to be in violation
> of (A) an effluent standard or limitation under [the Act] . . . or (B) an order
> issued by the Administrator or a State with respect to such a standard or
> limitation; or
>
> (2) against the Administrator where there is alleged a failure of the
> Administrator to perform any act or duty under [the Act] which is not
> discretionary with the Administrator.

33 U.S.C. § 1365(a).  Plaintiffs' proposed Count IV clearly does not fall under that

section.  In addition, it is well-established that section 505(a)(2) applies only to the

Administrator of EPA, and not the Corps.  *See, e.g.*, *Cascade Conservation League v.*

8

*M.A. Segale, Inc.*, 921 F. Supp. 692, 696-97 (W.D. Wash. 1996); *Preserve Endangered Areas of Cobb's History, Inc. v. United States Army Corps of Eng'rs*, 915 F. Supp. 378-380-81 (N.D. Ga. 1995), *aff'd*, 87 F.3d 1242, 1249 (11th Cir. 1996).

NEPA contains no waiver of sovereign immunity whatsoever.

The only remaining basis for jurisdiction cited by Plaintiffs is the APA. The APA provides that a person "suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. Federal jurisdiction over Plaintiff's APA claims is still lacking if the administrative action being challenged is not "final agency action" within the meaning of Section 704 of the APA. 5 U.S.C. § 704 ("Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in court are subject to judicial review."); *National Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1236 (11th Cir. 2004).

With few exceptions, if there is no final agency action (*e.g.*, where a plaintiff alleges inaction), there is no basis for judicial review of the agency's decision. *Cobell v. Norton*, 240 F.3d 1081, 1095 (D.C. Cir. 2001). The only exception Plaintiffs could assert is where an agency action is unlawfully withheld or unreasonably delayed. Id. Even if Plaintiff could bring a claim for unreasonable delay one day, such a claim would not be ripe since Mosaic filed its Notice of Area 2 Mining less than one month ago.

Finally, even if the Court were to find a waiver of sovereign immunity, the requirements set forth in 40 C.F.R. § 1502.9, which Plaintiffs cite as the basis for their mandatory duty claim, do not apply once an action is approved. See 40 C.F.R. § 1502.9

(requiring the preparation of supplemental environmental impact statements in connection with a "proposed action").  The Council on Environmental Quality's regulations clearly define a "proposal" as "that stage in the development of an action when an agency subject to the Act has a goal and is actively preparing to make a decision on one or more alternative means of accomplishing that goal and the effects can be meaningfully evaluated."  40 C.F.R. § 1508.23.  Because the Corps reached a decision in June 2010 with regard to the permit application, Section 1502.9's requirements no longer apply.  *See Cold Mountain v. Garber*, 375 F.3d 884, 894 (9th Cir. 2004) ("Because the Permit has been approved and issued, the Forest Service's obligation under NEPA has been fulfilled."); *Center for Biological Diversity v. Salazar*, Case No. CV-09-8207-PCT-DGC, 2010 WL 2493988 at *6-7 (D. Ariz. June 17, 2010) (finding that Bureau of Land Management had already approved a plan of operations, there was no ongoing "major federal operation" that could require supplementation).

Neither would the requirements of 40 C.F.R. § 1502.9 provide the basis for a claim that federal approval is required for discharges into what all parties agree are uplands.  See 33 U.S.C. § 1344 (authorizing the Secretary to issue permits for the discharge of dredge and fill material into navigable waters).

For all these reasons, Plaintiffs' motion to supplement or amend would be futile, and should be denied.

## CONCLUSION

Plaintiffs' Motion for Leave to Supplement and Amend the Amended Complaint to add a claim under the National Environmental Policy Act should be denied.

Dated:  May 18, 2011                    Respectfully submitted,

                                        IGNACIA S. MORENO
                                        Acting Assistant Attorney General
                                        Environment & Natural Resources Division

                                        /s/ Adam J. Katz
                                        Adam J. Katz
                                        Environmental Defense Section
                                        United States Department of Justice
                                        P.O. Box 23986
                                        Washington DC 20004
                                        Telephone:  (202) 514-2689
                                        Facsimile:  (202) 514-8865
                                        adam.katz@usdoj.gov

                                        J. NATHANAEL WATSON
                                        Natural Resources Section
                                        United States Department of Justice
                                        P.O. Box 663
                                        Washington, DC 20044
                                        Telephone: 202.305.0475
                                        Facsimile: 202.305.0267
                                        joseph.watson@usdoj.gov

Of Counsel:

Christina D. Storz
U.S. Army Corps of Engineers

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 18, 2011, the foregoing was electronically filed with the Clerk of the Court using CM/ECF, which will send a notice of electronic filing to counsel of record.  I also certify that the foregoing document is being served this day on the following counsel of record in the manner specified.

*/s/ Adam J. Katz*

Attorney for Federal Defendants
