IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| SIERRA CLUB, INC., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES ARMY CORPS OF ) | Case No. 3:10-cv-00564-HLA-JBT |
| ENGINEERS, *et al.*, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| and ) | |
| ) | |
| MOSAIC FERTILIZER, LLC, ) | |
| ) | |
| Intervenor-Defendant. ) | |
| ) | |

**FEDERAL DEFENDANTS' MOTION TO STRIKE
EXTRA-RECORD MATERIALS**

Federal Defendants move to strike extra-record documents filed and cited by Plaintiffs in their motion for summary judgment. *See* ECF No. 133-1 at Exhibit A (Richard Weisskoff, PhD, *Farming or Phosphates: What are the Economic Losses* (undated) and accompanying tables). Those materials, and all portions of Plaintiffs' brief that rely on these documents, should be stricken because (as Plaintiffs acknowledge) they are "not part of the Administrative Record" (ECF No. 133 at 29 n.8) that was certified by the U.S. Army Corps of Engineers, and Plaintiffs have not moved the Court to consider extra-record evidence. As we explain below, even if Plaintiffs had filed such a motion, they could not meet their burden of demonstrating this case presents circumstances in which a court should consider extra-record materials.

**STANDARD AND SCOPE OF REVIEW**

Plaintiffs seek review of the Corps' June 2010 decision to issue a Clean Water Act

Section 404 permit in connection with Intervenor Defendant Mosaic's application to mine phosphate ore on the South Fort Meade site, in Hardee County, Florida. Plaintiffs' challenge to the permit and accompanying environmental assessment are brought under the Administrative Procedure Act, 5 U.S.C. § 706(2), which provides that a district court may set aside agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." *See Sierra Club v. Van Antwerp*, 526 F.3d 1353, 1359-61 (11th Cir. 2008).

While review of the facts is "searching and careful," the standard of review is narrow – a court may not substitute its judgment for that of the agency. *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971); *Miccosukee Tribe of Indians of Florida v. United States*, 566 F.3d 1257, 1264 (11th Cir. 2009); *Fisher v. Salazar*, 656 F. Supp. 2d 1357, 1365 (N.D. Fla. 2009). The standard mandates judicial affirmance if the agency's decision is "rational, based on consideration of relevant factors, and within the scope of authority delegated to the agency by statute." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 42 (1983); *see also Sierra Club v. Van Antwerp*, 526 F.3d at 1360 ("The court's role is to ensure that the agency came to a rational conclusion, 'not to conduct its own investigation and substitute its own judgment for the administrative agency's decision.'"). This standard of review is "exceedingly deferential." *Fund for Animals, Inc. v. Rice*, 85 F.3d 535, 541 (11th Cir. 1996).

A reviewing court should apply the "arbitrary or capricious" standard to the agency decision based on the record the agency presents to the reviewing court. *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985); *Miccosukee Tribe of Indians*, 396 F. Supp. 2d 1327, 1330 (S.D. Fla. 2005). *See also* 5 U.S.C. § 706 (courts "shall review the whole record or those parts of it cited by a party"). When there is a contemporaneous explanation of the agency

decision, the validity of that action "must stand or fall on the propriety of that finding, judged of course, by the appropriate standard of review," and thus "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142-143 (1973). If the record does not support the agency action, or if the reviewing court is unable to evaluate the challenged action on the basis of the record before it, "the proper course, except in the rarest of circumstances, is to remand to the agency for additional investigation or explanation." *Florida Power & Light*, 470 U.S. at 744. *See, e.g., Hill v. Boy*, 144 F.3d 1446, 1450-51 (11th Cir. 1998) (ordering remand where record before agency did not support presumption upon which agency decision was based in part).

The agency is responsible for maintaining the documents received and prepared in connection with its actions, and for certifying the administrative record. *Fund for Animals v. Williams*, 245 F. Supp. 2d 49, 56-57 (D.D.C. 2003), vacated on other grounds, *Fund for Animals v. Hogan*, 428 F.3d 1059 (D.C. Cir. 2005). With the limited exceptions discussed below, the administrative record includes all materials compiled by the agency that were before the agency at the time the decision was made. *Florida Power & Light*, 470 U.S. at 744. The record presented by the agency is entitled to a presumption of regularity; courts assume that the agency properly designated the record absent clear evidence to the contrary. *Overton Park*, 401 U.S. at 415; *Franks v. Salazar*, 751 F. Supp. 2d 62, 67 (D.D.C. 2010).

A.   <u>**Supplementation Of The Administrative Record**</u>

If an agency did not include materials that were part of its administrative record, whether by design or mistake, then supplementation of the record is appropriate. *Franks*, 751 F. Supp. 2d

at 67 (citing *Natural Res. Def. Council v. Train*, 519 F.2d 287, 291 (D.C. Cir. 1975)).  In order to overcome the presumption that the administrative record was properly designated, the burden is on a plaintiff to provide "concrete evidence that the documents it seeks to 'add' to the record were actually before the decisionmakers." *Sara Lee Corp. v. American Bakers Ass'n*, 252 F.R.D. 31, 34 (D.D.C. 2008).  It is not enough to merely assert that materials were relevant or were before the agency when it reached a decision.  *Id.*  Instead, a plaintiff "must identify reasonable, non-speculative grounds for its belief that the documents were considered by the agency and not included in the record." *Pacific Shores Subdivision Cal. Water Dist. v. U.S. Army Corps of Eng'rs*. 448 F. Supp. 2d 1, 6, (D.D.C. 2006).  It has been noted that "[a] court that orders an administrative agency to supplement the record of its decision is a rare bird." *Cape Hatteras Access Preservation Alliance v. United States*, 667 F. Supp. 2d 111, 112 (D.D.C. 2009).

B.     **Extra-Record Evidence**

Courts reviewing agency decisionmaking will go beyond the agency's administrative record "only in exceptional cases." *Florida Power & Light*, 470 U.S. at 743-44; *see also PEACH*, 87 F.3d at 1246 (stating that a court conducting judicial review of an administrative action is not "generally empowered" to consider extra-record evidence); *Asarco, Inc. v. EPA*, 616 F.2d 1153, 1160 (9th Cir. 1980) (vacating a district court order allowing the introduction of evidence outside the record because such action "inevitably leads the reviewing court to substitute its judgment for that of the agency"). Courts have considered extra-record evidence in the following limited circumstances, where: "(1) an agency's failure to explain its action effectively frustrates judicial review; (2) it appears that the agency relied on materials not included in the record; (3) technical terms or complex subjects need to be explained; or (4) there

is a strong showing of agency bad faith or improper behavior." *PEACH*, 87 F.3d at 1246 n.1 (citing *Animal Defense Council v. Hodel*, 840 F.2d 1432, 1436-37 (9th Cir. 1988)); *Alabama-Tombigbee Rivers Coalition v. Kempthorne*, 477 F.3d 1250, 1262 (11th Cir. 2007) (a court should go beyond the administrative record only where there is "a strong showing of bad faith or improper behavior" by the agency), quoting *Overton Park*, 401 U.S. at 420. As noted by the Ninth Circuit:

> The scope of these exceptions permitted by our precedent is constrained, so that the exception does not undermine the general rule. Were the federal courts routinely or liberally to admit new evidence when reviewing agency decisions, it would be obvious that the federal courts would be proceeding, in effect, de novo rather than with the proper deference to agency processes, expertise, and decision-making.

*Lands Council v. Powell*, 395 F.3d 1019, 1031 (9th Cir. 2005).

Before extra-record material may be considered under any of these exceptions, a plaintiff must first make a showing that the record is inadequate. *Animal Defense Council*, 840 F.2d at 1437. Thus, a plaintiff moving for consideration of extra-record evidence has the burden of demonstrating that going beyond the record is necessary and must show with specificity how the record is insufficient. *PEACH*, 87 F.3d at 1246-47; *Miccosukee Tribe of Indians of Florida v. United States*, Case No. 05-23045-CIV-MOORE, 2007 WL 1308334 at *2 (S.D. Fla. May 3, 2007). Further, in the event a reviewing court finds that an agency's actions are not sustainable on the record presented, the proper remedy would be remand of the matter back to the agency for further consideration and record development, not the introduction of evidence by plaintiff. *See Florida Power & Light*, 470 U.S. at 744; *Camp*, 411 U.S. at 143; *Hill*, 144 F.3d at 1449-50.

**ARGUMENT**

    A.    <u>**Plaintiffs Have Not Moved To Supplement The Record.**</u>

As noted above, there is a strong presumption of regularity attached to the administrative record compiled and certified by the Federal Defendants. *See Overton Park*, 401 U.S. at 415; *Franks*, 751 F. Supp. 2d at 67. If Plaintiffs wish to have the Court consider evidence outside of the administrative record presented here, they bear the burden of showing that the record that the Corps certified is inadequate and that (1) the record omitted documents before the decisionmaker and should be supplemented, or (2) that consideration of extra-record materials is warranted under one of the narrow exceptions listed above. Plaintiffs have made no attempt to acknowledge or meet their burden, as they have not sought the Court's approval to present the extra-record materials in support of their motion for summary judgment. For this reason alone, the Court should strike the extra-record materials, and any reference thereto in Plaintiffs' summary judgment papers.

    B.    <u>**Any Motion To Supplement Would Have Failed.**</u>

Even if the Court were to excuse Plaintiffs' failure to move to supplement the record, they cannot meet their burden to "identify reasonable, non-speculative grounds for its belief that the documents were considered by the agency and not included in the record." *Pacific Shores,* 448 F. Supp. 2d at 6. There is no evidence that Exhibit A was before the Corps at the time it rendered its permit decision. Plaintiffs might suggest that Exhibit A was attached to a June 8, 2010 letter from the Environmental Protection Agency (EPA), which letter is included in the record. However, the Corps has reviewed its records and has no reason to believe that the documents attached as Exhibit A to Plaintiffs summary judgment brief were attached to EPA's

letter or otherwise considered by the Corps.

### C. Any Motion To Consider Extra-Record Materials Would Have Failed.

Plaintiffs cannot show that the record is inadequate. In fact, Plaintiffs have already represented to the Court in conjunction with its belated Motion for Leave to Supplement and Amend the Amended Complaint that the Corps' administrative record *is adequate.* ECF No. 130 at 6 ("No new evidence is necessary to consider this claim beyond that which is already on file.").

Nor is there any indication that any of the exceptions to record review are presented here. Plaintiffs have made no argument that the Corps failed to explain its decision in a manner that frustrates judicial review, or that the Corps relied on materials not included in the record. Nothing about Exhibit A provides any explanation of technical terms or complex subjects that need to be explained. Even where courts have allowed extra-record evidence in the form of scientific or technical information, the proper role of such evidence "is not to provide a subjective analysis of the context and significance of complex concepts, but rather to provide objective definitions and explanations of subject matter with which a limited group of specialists has any familiarity." *Evans v. Salazar*, Case No. C08-0372-JCC, 2011 WL 1219228 at *4 (W.D. Wash. March 31, 2011). The Weisskoff Report attached as Exhibit A to Plaintiffs' summary judgment brief contains Dr. Weisskoff's views on the economics of Mosaic's mining in Polk and Hardee Counties, and it certainly is not limited to providing "objective definitions and explanations" of a highly-technical subject . *See id.* And even if additional scientific or technical information were allowed by the Court, it should only be explanatory, as "the focus of judicial review is not on the wisdom of the agency's decision or the winner in the battle of the

7

experts." *Miami Nation of Indians of Indiana v. Babbitt*, 55 F. Supp. 2d 921, 925 (N.D. Ind. 1999) (denying extra-record evidence where the information that plaintiff sought to present would address the judiciousness of the agency's decision).

Plaintiffs' attempt to improperly introduce expert opinion testimony, via Exhibit A, would transform this APA case into a *de novo* proceeding, contrary to the Court's proper role in reviewing agency decisionmaking.  *See Sierra Club v. Antwerp*, 526 F.3d at 1360 (recognizing that the court is not to conduct its own investigation and substitute its own judgment for the agency's decision).  Plaintiffs have provided no support for providing extra-record expert witness testimony.   Finally, Exhibit A in no way provides any showing (much less a strong showing) of bad faith or improper behavior on the part of the Federal Defendants.

## CONCLUSION

For the reasons stated above, Exhibit A to Plaintiffs' motion for summary judgment and all references thereto, should be stricken.


Dated:  May 19, 2011                              Respectfully submitted,

                                                  IGNACIA S. MORENO
                                                  Assistant Attorney General
                                                  Environment & Natural Resources Division

                                                  */s/ Adam J. Katz*
                                                  Adam J. Katz
                                                  Environmental Defense Section
                                                  United States Department of Justice
                                                  P.O. Box 23986
                                                  Washington DC 20004
                                                  Telephone:  (202) 514-2689
                                                  Facsimile:  (202) 514-8865
                                                  adam.katz@usdoj.gov

J. NATHANAEL WATSON
Natural Resources Section
United States Department of Justice
P.O. Box 663
Washington DC 20004
Telephone: (202) 305-0475
Facsimile: (202) 305-0267
joseph.watson@usdoj.gov

**CERTIFICATION OF CONFERENCE PURSUANT TO LOCAL RULE 3.01(g)**

I hereby certify that counsel for the Federal Defendants and counsel for Plaintiffs have conferred with respect to documents Plaintiffs believed should be added to the record initially presented by Federal Defendants, and were unable to reach resolution as to the materials that are the subject of this motion to strike.

*Adam J. Katz*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2011, the foregoing was electronically filed with the Clerk of the Court using CM/ECF, which will send a notice of electronic filing to counsel of record. I also certify that the foregoing document is being served this day on the following counsel of record in the manner specified.

*Adam J. Katz*