**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

SIERRA CLUB, INC.; PEOPLE FOR
PROTECTING PEACE RIVER, INC.; and
MANASOTA-88, INC.,

    Plaintiffs,

v.                                                                                Case No.: 3:10-cv-564-J-25JBT

UNITED STATES ARMY CORPS OF
ENGINEERS; and ALFRED A. PANTANO,
JR.,

    Defendants.

---

**MOSAIC FERTILIZER'S SUPPLEMENTAL RESPONSE**
**AND DISPOSITIVE CROSS MOTION FOR SUMMARY JUDGMENT**

---

David B. Weinstein
Fla. Bar No. 604410
weinsteind@gtlaw.com
Kerri L. Barsh
Fla. Bar No. 443840
barshk@gtlaw.com
Kimberly S. Mello
Fla. Bar No. 002968
mellok@gtlaw.com
**GREENBERG TRAURIG, P.A.**
625 E. Twiggs St., Ste. 100
Tampa, FL 33602
Telephone: (813) 318-5700
Facsimile:  (813) 318-5900

Frank E. Matthews
Fla. Bar No. 328812
frankm@hgslaw.com
Susan L. Stephens
Fla. Bar No. 986836
susans@hgslaw.com
**HOPPING GREEN & SAMS, P.A.**
123 South Calhoun Street
P.O. Box 6526
Tallahassee, FL 32314-6526
Telephone: (850) 222-7500
Facsimile: (850) 224-8551

*Counsel for Mosaic Fertilizer, LLC*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES..................................................................................................................1

    I.    PLAINTIFFS' ARGUMENTS REGARDING AREA 2 MINING ARE MERITLESS. ..................................................................................................................2

        A.    Post-decisional information cannot be used to attack the Corps' decision............................2

        B.    Mining Area 2 does not demonstrate that the Corps' CWA alternatives analysis was flawed.........................................................................................................3

        C.    No supplemental EA is required under NEPA based on Area 2 Mining..............................5

CONCLUSION....................................................................................................................................6

CERTIFICATE OF SERVICE............................................................................................................7

# **TABLE OF AUTHORITIES**

**Cases**

*Alabama-Tombigbee Rivers Coalition v. Kempthrone*,
   477 F. 3d 1250 (11th Cir. 2007) .................................................................................. 2

*Camp v. Pitts*,
   411 U.S. 138 (1973) ..................................................................................................... 1

*Center for Biological Diversity v. U.S. Fish & Wildlife Serv.*,
   450 F.3d 930 (9th Cir. 2006) ....................................................................................... 2

*Fla. Clean Action Network, v. Grosskruger*,
   587 F. Supp. 2d 1236 (M.D. Fla. 2008) ....................................................................... 3

*Friends of the Bow v. Thompson*,
   124 F. 3d 1210 (10th Cir. 1997) .................................................................................. 5

*Marsh v. Or. Natural Res. Council*,
   490 U.S. 360, 109 S. Ct. 1851 (1989) .......................................................................... 5

*Miccosukee Tribe of Indians of Fla. v. U.S.*,
   396 F.Supp.2d 1327 (S.D. Fla. 2005) .......................................................................... 2

*North Buckhead Civic Ass'n v. Skinner*,
   903 F. 2d 1533 (11th Cir. 1990) .................................................................................. 4

*Preserve Endangered Areas of Cobb's History v. U.S. Army Corps of Eng'rs*,
   87 F. 3d 1242, n. 1 (11th Cir. 1996) ............................................................................ 2

*Sierra Club v. Kempthrone*,
   No. 07-0216-WS-M, 2007 WL 1376584 (S.D. Ala. May 8, 2007) ............................. 2

*Simmons v. U.S. Army Corps of Eng'rs*,
   120 F. 3d 664 (7th Cir. 1997) ...................................................................................... 4

*Southern Utah Wilderness Alliance v. Norton*,
   301 F. 3d 1217 (10th Cir. 2002), rev'd on other grounds, 542 U.S. 55 (2004) .................... 5

**Statutes**

42 U.S.C. §4332(2)(C) ........................................................................................................ 4

**Regulations**

33 C.F.R. § 325.7(a) ........................................................................................................... 6

40 C.F.R. § 230.10(a) ......................................................................................................... 3

40 C.F.R. §1502.9(c)(1) ...................................................................................................... 6

40 C.F.R. §230.10(a)(2) ...................................................................................................... 3

## ARGUMENT

I.  **PLAINTIFFS' ARGUMENTS REGARDING AREA 2 MINING ARE MERITLESS.**[1]

Mosaic Fertilizer, LLC's ("Mosaic") Notice of Area 2 Mining (the "Notice"), filed on April 19, 2011, advised of Mosaic's intent to mine 700 upland acres on its South Fort Meade Hardee County Extension site ("SFM-HC"). This mining does not require reliance on the subject Clean Water Act ("CWA") Section 404 permit ("Permit") issued by the U.S. Army Corps of Engineers ("Corps"). Plaintiffs have conceded this fact from the inception of this litigation. (Dkt. #77 at pp. 14, 63-64; Dkt. #31 at p. 20). Nevertheless, Plaintiffs now claim—by reaching outside the constraints of the Administrative Record ("AR" or "record")—that Area 2 mining demonstrates that (1) the Corps' CWA alternatives analysis is flawed, and (2) the Corps should be required to prepare a supplemental environmental assessment ("EA") under the National Environmental Policy Act ("NEPA"). Plaintiffs have "fashioned" these arguments in an effort to oppose Mosaic's efforts to mitigate the harm resulting from Mosaic's inability to mine SFM-HC during this litigation. Plaintiffs' efforts must fail.

   A.  **Post-decisional information cannot be used to attack the Corps' decision.**

Judicial review of an agency's action focuses on the "administrative record already in existence, not some new record made initially in reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973). Plaintiffs' request that this Court consider the Notice is clearly an attempt to create a "new record" not before the Corps when it issued the Permit. Courts reject such requests because "post-decision information" cannot be used to attack an agency's decision.[2] *Center for Biological Diversity*

---

[1]  Mosaic incorporates into this brief the arguments raised in its Opposition to Plaintiffs' Motion for Leave to Supplement and Amend the Second Amended Complaint Regarding Mosaic's Notice of Area 2 Mining. (Dkt. 134).

[2]  There are limited circumstances in which courts will allow a party to supplement the record in an administrative review proceeding. The only exception expressly adopted in the Eleventh Circuit allows for supplementation when there is a "strong showing of [agency] bad faith or improper behavior," which is not

*v. U.S. Fish & Wildlife Serv.*, 450 F.3d 930, 943 (9th Cir. 2006) ("post-decision information" cannot be used "as a new rationalization either for sustaining or attacking" an agency decision); *accord Miccosukee Tribe of Indians of Fla. v. U.S.*, 396 F.Supp.2d 1327, 1330-31 (S.D. Fla. 2005) (rejecting plaintiff's request to supplement record when "the [item] did not exist at the time the [Corps'] decision was made"). Considering extra record evidence "inevitably leads the reviewing court to substitute its judgment for that of the agency," which is squarely prohibited under the Administrative Procedures Act. *Center for Biological Diversity*, 450 F.3d at 943. This Court should, therefore, refuse Plaintiffs' invitation to rely on extra-record facts that first arose in 2011, and are irrelevant to the Corps' 2010 Permit decision.

### B. Mining Area 2 does not demonstrate that the Corps' CWA alternatives analysis was flawed.

The CWA Section 404(b)(1) Guidelines prohibit the Corps from issuing a permit when there is a "*practicable alternative*" that has less adverse impacts on the environment, so long as it does not have other significant adverse environmental consequences. 40 C.F.R. § 230.10(a) (emphasis added). However, to be "practicable" under the CWA, an alternative <u>must</u> be "available and capable of being done after taking into consideration cost, existing technology, and logistics in light of the overall project purpose." 40 C.F.R. §230.10(a)(2). Here, the project purpose defined by the Corps (AR216883-216884) was:

> . . . to extract phosphate . . . within a practicable pumping distance of the existing [plant] . . . to continue operation . . . at historical production rates.

---

present here. *Alabama-Tombigbee Rivers Coal. v. Kempthrone*, 477 F.3d 1250, 1262 (11th Cir. 2007); *see also Sierra Club v. Kempthrone*, No. 07-0216-WS-M, 2007 WL 1376584 (S.D. Ala. May 8, 2007) (noting only exception expressly adopted by Eleventh Circuit is bad faith); *Preserve Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 87 F. 3d 1242, 1247, n. 1(11th Cir. 1996) (listing four exceptions adopted in the Ninth Circuit, but not considering them because none applied). Plaintiffs have relied erroneously on other exceptions that have not been recognized in this Circuit and do not apply here.

Plaintiffs assert that Area 2 mining demonstrates that the Corps did not "adequately analyze all reasonable alternatives that would minimize the impacts to wetlands" because (1) the "No Action Alternative . . . did not include th[e] 700 acres and the ore that could be mined from it," and (2) the Corps overlooked the 700 acres as a possible alternative. (Plaintiffs' Motion for Summary Judgment ("PMSJ") at 48). In essence, Plaintiffs want this Court to believe that the Corps was required to consider mining (1) a specific 1,733 upland acre area, and (2) a specific 700 upland acres tract in conducting its CWA alternatives analysis. Plaintiffs are wrong.[3]

First, neither of Plaintiffs' proposed alternatives would meet the project purpose and, accordingly, ***they are not practicable alternatives***. *Fla. Clean Action Network*, *v. Grosskruger*, 587 F. Supp. 2d 1236, 1248-49 (M.D. Fla. 2008) (Corps not required to consider alternatives that do not meet overall project purpose). A comparison of the upland mining alternatives the Corps considered, *i.e.*, the No Action Alternative (*i.e.*, mining 1,033 acres) and the Stream Crossing Only Alternative (*i.e.*, stream impacts and mining 4,064 upland acres), to Plaintiffs' proposed upland mining alternatives demonstrates the absurdity of Plaintiffs' position.

| **ALTERNATIVE** | **ACRES** | **ORE EXTRACTION** | **ORE RECOVERY** | **MEETS PROJECT PURPOSE** |
|---|---|---|---|---|
| **Stream Crossing Only Alternative** | **4,064** | **22 mm tons** | **31%** | **No** |
| Plaintiffs' Proposed Alternative #1 | 1,733 | much less than 22 mm tons | much less than 31% | No |
| **No Action Alternative** | **1,033** | **7.67 mm tons** | **9.5%** | **No** |
| Plaintiffs' Proposed Alternative #2 | 700 | much less than 7.67 mm tons | much less than 9.5% | No |

---

[3] The Corps' extensive evaluation of offsite and onsite alternatives is set forth in Mosaic's and the Corps' previously filed summary judgment briefs. (Dkt. #140 at pp. 7-18; Dkt. #141 at pp. 6-8, 17-21).

Undoubtedly, if mining 4,064 acres and extracting 22 million tons of phosphate does not meet the project purpose, then mining (1) 45% (*i.e.*, 1,733 acres), or (2) 17% (*i.e.*, 700 acres) of those acres would not do so either.

Second, in addition to failing to meet the project purpose, the full 1,733 acre tract—including Area 2—is subsumed within the 4,604 acre Stream Crossing Only Alternative. (*See* Exh. 1, AR 178850). Thus, the Corps did consider Area 2's 700 upland acres in its alternatives analysis and properly concluded that the available mining acres were inadequate for the project purpose.

Thus, Plaintiffs' claim that their proposed alternatives are examples of "other iterative combinations" that Corps should have considered based on EPA's request is specious. Nowhere in the AR is there an EPA request for the Corps to consider additional alternatives that are not practicable under the CWA. Any such request would have been directly contrary to settled legal principles. Indeed, Plaintiffs themselves do not argue that their proposed alternatives are "practicable" under the CWA. Instead, they argue that they are "viable" alternatives, which is not what the CWA requires.[4] Plaintiffs' argument is therefore not only legally and factually flawed, it is misleading.

  **C. No supplemental EA is required under NEPA based on Area 2 Mining.**

NEPA applies to "proposals" for "major federal actions significantly affecting the quality of the human environment." 42 U.S.C. §4332(2)(C). Plaintiffs cannot clear the initial hurdle of showing that Area 2 mining constitutes a "major federal action." The limited Phase 2 mining simply is not an activity that the Corps is required to evaluate under CWA Section 404. Thus, NEPA is not

---

[4] Plaintiffs erroneously rely on a NEPA decision which discusses the Corps' consideration of "viable" alternatives, which has no application to the CWA practicable alternative analysis. *Simmons v. U.S. Army Corps of Eng'rs*, 120 F. 3d 664, 670 (7th Cir. 1997). Regardless, even under a NEPA analysis, Plaintiffs' assertions would fail. Agencies must only consider a reasonable range of alternatives, and it is entirely within the agency's discretion to determine which alternatives to consider governed only by the rule of reason given the scope and purpose of the project. *North Buckhead Civic Ass'n v. Skinner*, 903 F. 2d 1533, 1541 (11th Cir. 1990). The Corps is simply not required to consider every conceivable or speculative alternative. *Id.*

5

implicated. Plaintiffs have not cited and cannot cite any legal authority requiring the Corps to consider the environmental consequences of an action that does not have a direct impact on jurisdictional waters.

Moreover, even if NEPA was implicated, the Corps should have the first opportunity to consider Plaintiffs' claim. 33 C.F.R. § 325.7(a). Otherwise, this Court will improperly usurp the Corps' role of decision maker and ignore its limited role as a reviewer in APA cases. And, regardless of who is the decision maker, Plaintiffs' insistence that a Supplemental EA must be prepared because of Area 2 mining is meritless. An "agency need not supplement an EIS[5] every time new information comes to light after the EIS is finalized."[6] *Marsh v. Or. Natural Res. Council,* 490 U.S. 360, 373; 109 S. Ct. 1851, 1859 (1989). Here, Mosaic's mining of Area 2 is ***not*** significant new information of environmental significance: (1) Area 2 was subsumed within the Crossing Only Alternative and thus considered by the Corps in its alternatives analysis; and (2) there is no evidence that upland mining in Area 2 creates significant issues of environmental concern.

## **CONCLUSION**

For the foregoing reasons, Mosaic respectfully requests that that this Court enters summary judgment in its favor on Plaintiffs' claims regarding Area 2 mining.

---

[5] The courts apply the same requirements to a supplemental EA that they do to a supplemental environmental impact statements ("EIS"). *Southern Utah Wilderness Alliance v. Norton*, 301 F. 3d 1217 (10th Cir. 2002), *rev'd* on other grounds, 542 U.S. 55 (2004).

[6] Instead, supplementation is required only when "[t]here are significant new circumstances or information relevant to environmental concerns and bearing on the proposed action or its impacts." *Friends of the Bow v. Thompson*, 124 F. 3d 1210, 1218 (10th Cir. 1997); 40 C.F.R. §1502.9(c)(1)

6

Dated: June 20, 2011          Respectfully submitted,

*/s/ David B. Weinstein*
David B. Weinstein
Fla. Bar No. 604410
weinsteind@gtlaw.com
Kerri L. Barsh
Fla. Bar No. 443840
Kimberly S. Mello
Fla. Bar No. 002968
mellok@gtlaw.com
**GREENBERG TRAURIG, P.A.**
625 E. Twiggs St., Ste. 100
Tampa, FL 33602
Telephone: (813) 318-5700
Facsimile: (813) 318-5900

and

Frank E. Matthews
Fla. Bar No. 328812
frankm@hgslaw.com
**HOPPING GREEN & SAMS, P.A.**
123 South Calhoun Street
P.O. Box 6526
Tallahassee, FL 32314-6526
Telephone: (850) 222-7500
Facsimile: (850) 224-8551

*Counsel for Mosaic Fertilizer, LLC*

## CERTIFICATE OF SERVICE

I certify that on June 20, 2011, the foregoing was electronically filed with the Clerk of Court via the CM/ECF system.

*/s/ David B. Weinstein*
Attorney

7

*TPA 511,547,496*