**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| SIERRA CLUB, INC.; PEOPLE FOR PROTECTING THE PEACE RIVER, INC.; and MANASOTA-88, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS; and COLONEL ALFRED A. PANTANO, JR.,<br><br>Defendants,<br><br>and<br><br>MOSAIC FERTILIZER, LLC,<br><br>Intervenor-Defendant. | Case No. 3:10-cv-00564-HLA-JBT |

**FEDERAL DEFENDANTS' OPPOSITION TO PLAINTIFFS' SECOND MOTION FOR PRELIMINARY INJUNCTION (ECF NO. 148)**

In June 2010, Plaintiffs Sierra Club, *et al.*, filed this action against the United States Army Corps of Engineers and one of its officers, alleging that the Corps' issuance of a Clean Water Act permit to Mosaic Fertilizer was arbitrary and capricious. Shortly thereafter, this Court issued a preliminary injunction prohibiting Mosaic from proceeding under the permit based on its finding that Sierra Club would likely succeed on its claim that the Corps had given inadequate consideration in its permitting decision to practicable alternatives to dredging and filling waters of the United States, and that the balance of harms weighed in favor of an injunction. The Eleventh Circuit vacated the preliminary injunction and directed this Court "to stay the issuance of the permit for 90 days," until July 7, 2011, to provide additional time "to proceed to a merits determination on the full

record." The Court of Appeals further noted that "[t]he parties may stipulate to a . . . longer stay," which the Corps is willing to do.[1]

The Corps did not object to Mosaic's notice that it would mine uplands within "Area-2" pending this Court's consideration of the merits (ECF No. 118) because the Corps does not have regulatory jurisdiction over uplands.[2] Moreover, Mosaic represented to the Corps and to this Court that it would avoid all wetlands and other waters of the United States when mining in Area-2, and that it would implement all environmental safeguards set forth in the permit. *See id*. Sierra Club has now filed a second preliminary injunction motion to enjoin Mosaic from mining.

The case is fully briefed on cross-motions for summary judgment and, as explained in the government's summary judgment brief (ECF No. 141) and in Mosaic's summary judgment brief (ECF No. 140), Sierra Club has not carried its heavy burden of establishing that the challenged permit or environmental assessment was arbitrary and capricious in any respect. A party seeking a preliminary injunction must establish likelihood of success on the merits, that it is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in favor of an injunction, and that an injunction is in the public interest. *Winter v. NRDC, Inc.*, 129 S. Ct. 365, 376 (2008). Where, as here, a movant is unable to show a substantial likelihood of success on the merits, the court may deny a preliminary injunction for that reason alone. *Bloedorn v. Grube,* 631 F.3d 1218, 1229 (11th Cir. 2011).

---

[1] We understand that Mosaic approached Sierra Club on June 5 with a proposal that, if accepted, would appear to delay by at least 21 days the harm that Sierra Club now alleges is "imminent," thus providing the Court additional time to consider the pending cross-motions for summary judgment. *See* Exh. 1. It is unclear whether Mosaic's proposal remains on the table and, if so, whether Sierra Club is still considering it.

[2] The Corps' jurisdiction under section 404 of the Clean Water Act, 33 U.S.C. § 1344, is limited to regulation of discharges of dredged or fill materials into waters of the United States. Sierra Club has not alleged that Mosaic's upland mining will result in discharges to jurisdictional waters.

The effects of the preliminary injunction that Sierra Club now seeks would fall primarily on Mosaic rather than on the federal government. Since the Corps has no concrete stake in Mosaic's ability to mine during the interval while the Court evaluates the merits of this case, we will not address the remaining elements that Sierra Club must satisfy to obtain a preliminary injunction except to respond briefly to two interrelated issues that the Corps is uniquely situated to address.

1. **This Court should deny Sierra Club's preliminary injunction motion because the Court lacks jurisdiction to grant relief on Sierra Club's new Area-2 claim.**

The Court may only reach the merits of Sierra Club's new Area-2 claim if it has jurisdiction over that claim. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). A court lacks jurisdiction over claims against the United States unless Congress by statute has expressly and unequivocally waived its sovereign immunity. *Bowles v. Russell*, 551 U.S. 205, 212-13 (2007). Further, "[a]ny waiver of immunity must be strictly construed in favor of the sovereign, and it cannot be enlarged beyond what the statutory language allows." *Sierra Club v. Tennessee Valley Auth.*, 430 F.3d. 1337, 1355 (11th Cir. 2005). Finally, a plaintiff must not only establish that there has been a waiver of immunity, but also that the waiver extends to the specific cause of action asserted. *See Lane v. Peña*, 518 U.S. 187, 197 (1996).

In our opposition to Sierra Club's motion to file a supplemental or amended complaint to add a count addressing so-called "Area 2 mining," we explained that Sierra Club's motion should be denied as futile because the Corps has not waived its sovereign immunity to such a claim. *See* ECF No. 136 at 1-2, 6-10. In brief, the Administrative Procedure Act only provides a claim, and serves as a limited waiver of sovereign immunity to (1) challenge "final agency action" within the meaning of 5 U.S.C. § 704, or (2) "compel agency action unlawfully withheld or unreasonably delayed" within the meaning of 5 U.S.C. § 706. Neither provision applies to Sierra Club's new Area-2 claim. Mosaic's decision to mine nonjurisdictional uplands did not require or involve

"agency action," so section 704 does not provide a waiver of sovereign immunity. And section 706 does not provide a waiver either. Even if Sierra Club could establish that the Corps has a nondiscretionary duty to prepare a supplemental environmental assessment to address Mosaic's Area-2 mining notice, it certainly cannot establish that the Corps has unreasonably delayed taking such action since Mosaic filed its notice just over two months ago. *See* ECF No. 118. There is no other statute even arguably waiving the United States' sovereign immunity with respect to Sierra Club's new Area-2 claim.

**2. The Corps considered the "no action" alternative, including the specific footprint covering Area-2.**

Even if the Court finds that it has jurisdiction to consider the Area-2 claim, it should conclude that Sierra Club is not entitled to relief for the reasons summarized below.

Sierra Club first asserts (ECF No. 148 at 9) that uplands-only mining of Area 2 would *require* "revision or reconsideration of the mitigation measures in the [environmental assessment] and reconsideration of the federal permit. . . ."[3] That is not true. If the permit is ultimately upheld, we are aware of nothing that would prevent Mosaic from mining and mitigating in accordance with the schedule incorporated in the permit (AR214638-40, AR214052), and Sierra Club has pointed to no facts to the contrary. If the permit is ultimately vacated, Mosaic acknowledges (ECF No. 96 at 12) that it would "be required to develop to the Corps' satisfaction" a plan that mitigates for any pre-vacatur impacts to jurisdictional waters. But again, according to Mosaic's representations to the

---

[3] Sierra Club cites (ECF No. 148 at 10-11) "Special Condition 3" of the permit to support its claim that Area-2 mining would require permit modification. But that condition provides a list of substantial deviations that may require modification (or result in permit revocation), including "impacts to wetlands, changes with mitigation, or changes with the reclamation." AR214637. Sierra Club has not alleged that Mosaic's mining in Area 2 would result in discharges to jurisdictional wetlands, or in any way alter the mitigation or reclamation schedule.

Corps and to this Court, Area-2 mining will not result in any discharges of dredged or fill material into waters of the United States.

Sierra Club's second assertion (ECF No. 148 at 11-13) – that the Corps was required, but failed, to consider "Area 2 Uplands Only Mining" as part of its consideration of various no-action alternatives – is also wrong. Agencies are only required to consider a reasonable range of alternatives. *N. Buckhead Civic Ass'n v. Skinner*, 903 F.2d 1533, 1541 (11th Cir. 1990) ("consideration need be given only to reasonable, non-speculative alternatives") (citing *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430, 436 (11th Cir. 1981)); 40 C.F.R. § 1502.14(a). There certainly is no requirement that an agency analyze each conceivable iteration of no-action. *Vermont Yankee Nuclear Power Corp. v. NRDC*, 435 U.S. 519, 551 (1978) ("Common sense . . . teaches us that the 'detailed statement of alternatives' cannot be found wanting simply because the agency failed to include every alternative device and thought conceivable by the mind of man.").

Here, the Corps considered several "no action" alternatives as required by the National Environmental Policy Act – *i.e.*, purchasing phosphate rock, mining outside of Central Florida, constructing a new or expanding an existing mine in the Central Florida Phosphate District, and "on-site alternative number 3." AR216897-907. The Corps evaluated uplands-only mining, including Area 2, in connection with its consideration of the stream-crossings-only alternative (AR216905-06 and AR178850), but rejected it after concluding that it was not the least-environmentally damaging practicable alternative. AR216906, AR201561, AR178850, AR213752, AR201550, AR201558-59. Mosaic is undertaking Area-2 uplands mining only as an interim step pending resolution of Sierra Club's challenge to the full mining plan set forth in its permit. It is not, and there was no need to consider it as, a separate alternative requiring separate analysis in the environmental assessment.

## CONCLUSION

For the foregoing reasons, the Court should deny Sierra Club's second motion for preliminary injunction.

Respectfully submitted,

IGNACIA S. MORENO
Assistant Attorney General
Environment & Natural Resources Division

*/s/ Adam J. Katz*
Adam J. Katz
Environmental Defense Section
United States Department of Justice
P.O. Box 23986
Washington DC 20004
Telephone: (202) 514-2689
Facsimile: (202) 514-8865
adam.katz@usdoj.gov

J. NATHANAEL WATSON
Natural Resources Section
United States Department of Justice
P.O. Box 663
Washington DC 20004
Telephone: (202) 305-0475
Facsimile: (202) 305-0267
joseph.watson@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2011, the foregoing was electronically filed with the Clerk of the Court using CM/ECF, which will send a notice of electronic filing to counsel of record. I also certify that the foregoing document is being served this day on the following counsel of record in the manner specified.

*/s/ Adam J. Katz*