**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

SIERRA CLUB, INC.; PEOPLE FOR
PROTECTING PEACE RIVER, INC.; and
MANASOTA-88, INC.,

     Plaintiffs,

v.

                                    Case No.: 3:10-cv-564-J-25JBT

UNITED STATES ARMY CORPS OF
ENGINEERS; and ALFRED A. PANTANO,
JR.,

     Defendants,

and

MOSAIC FERTILIZER, LLC,

     Defendant-Intervenor.

---

**MOSAIC FERTILIZER'S SUR-REPLY TO**
**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

---

David B. Weinstein
Fla. Bar No. 604410
weinsteind@gtlaw.com
Kerri L. Barsh
Fla. Bar No. 443840
barshk@gtlaw.com
Kimberly S. Mello
Fla. Bar No. 002968
mellok@gtlaw.com
GREENBERG TRAURIG, P.A.
625 E. Twiggs St., Ste. 100
Tampa, FL  33602
Telephone: (813) 318-5700
Facsimile:  (813) 318-5900

Frank E. Matthews
Fla. Bar No. 328812
frankm@hgslaw.com
Susan L. Stephens
Fla. Bar No. 986836
susans@hgslaw.com
HOPPING GREEN & SAMS, P.A.
123 South Calhoun Street
P.O. Box 6526
Tallahassee, FL 32314-6526
Telephone: (850) 222-7500
Facsimile: (850) 224-8551

*Counsel for Mosaic Fertilizer, LLC*

Plaintiffs' Reply is nothing more that a continuing effort to deliberately obfuscate the law and facts. As an initial matter, Plaintiffs have provided no legal basis under which this Court can properly issue an injunction under the Eleventh Circuit's mandate. Rather, Plaintiffs merely state that they are not asking this Court to "*extend the stay*,"[1] but to exercise its power to "*issue its own injunction*." Plaintiffs are simply playing semantics to avoid the clear directive of the mandate—no mining activities **under the Permit** will be conducted on the South Fort Meade Hardee County Extension ("SFM-HC") for 90 days "**unless the parties** [] stipulate to a shorter or longer stay." (Opinion at 3) (emphasis added). Clearly, the Eleventh Circuit chose its words carefully and those words should not be ignored.[2]   Thus, despite Plaintiffs' assertions, an injunction clearly would be in direct contravention of the mandate.

Even if this Court could properly issue an injunction, Plaintiffs have deliberately ignored the threshold legal issue: whether the Corps has jurisdiction over upland only mining. The answer is an unequivocal "no." Indeed, the Corps has informed this Court that it did not object to Area 2 mining because it "does not have regulatory jurisdiction over the uplands."[3]   (Federal Defendants' Opposition to Plaintiff's Second Motion for Preliminary Injunction, Dkt. #156, p. 2). Because Mosaic can mine Area 2 without discharging dredged or fill material, which is fatal to Plaintiffs' CWA claim, they attempt to manufacture an argument that an injunction is proper because their claim

---

[1] Plaintiffs state that this Court lifted the Eleventh Circuit's stay in its June 17 Order, which would violate the mandate. Mosaic does not believe this is the case. Instead, it appears based on the CM/ECF docket (which, subsequent to the Order, no longer contains the notation "STAYED") and otherwise, that this Court lifted the administrative stay, which was imposed when Mosaic filed its appeal.

[2] The Eleventh Circuit was endeavoring to ensure that this Court not be burdened with addressing another preliminary injunction motion, but, instead, would proceed to a ruling on the merits based on the full administrative record.

[3] Under the primary jurisdiction doctrine, this Court should refrain from exercising its judicial power so that the Corps can properly perform its function. *Mulberry Hills Develop. Corp. v. U.S.,* 772 F. Supp. 1553, 1561 (D. Md. 1991).

is based on a "NEPA violation, not the CWA."[4]  (Plaintiffs' Reply, Dkt. # 160 at 2).  Plaintiffs' cases,

however, state just the opposite - holding that, *without CWA jurisdiction, there can be no NEPA-*

*based injunction*.  *White Tanks Concerned Citizens, Inc. v. Strock*, 563 F.3d 1033 (9th Cir. 2009);

*Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113 (9th Cir. 2005).  The *Save Our Sonoran* court held

that a NEPA violation standing alone was *not* a sufficient basis to warrant a preliminary injunction:

> Although the Corps' improperly constrained analysis violated NEPA, **the district
> court could *only* enjoin the developer from acts that required a Corps permit.
> In this case, the district court found the washes subject to federal jurisdiction
> could not be segregated from private lands; the district court [therefore] had
> the power to enjoin the entire project.**

*Id.* at 1123 (emphasis added).[5]  Here, the exact opposite is true:  Mosaic plans to mine Area 2

precisely because the jurisdictional areas *can* readily be segregated from its other lands.[6]

Moreover, *as Plaintiffs acknowledge*,[7] the Corps also considered the environmental impacts

of the entire SFM-HC site, including Area 2, in its NEPA evaluation.[8]  In addition, because no

Section 404 permit is needed for Area 2 upland mining, it is *not* a NEPA-triggering action.  That

Area 2 mining is now occurring to mitigate the harm from this litigation does not change that fact.

Thus, Plaintiffs' injunction motion must be denied because the Corps (1) considered all

environmental impacts of the full SFM-HC site as required by NEPA; and (2) has no permitting

---

[4]  Plaintiffs expressly argued that Area 2 mining demonstrates that the Corps' alternatives analysis was inadequate under both NEPA and the CWA.  *See* Plaintiffs' Motion for Summary Judgment, Dkt. #133 at 48.

[5]  The district court found that the washes (the jurisdictional features at issue) "cover only 5% of the property… [b]ut that 5% runs through the entire 608 acres the way that capillaries run through tissue.  It is difficult to deal with tissue without dealing with capillaries and difficult to deal with capillaries without dealing with tissue." *Id.* at 1119.

[6]  *White Tanks Concerned Citizens* merely holds that its facts are analogous to those in *Save Our Sonoran*.  Therefore, it offers no independent support for Plaintiffs' argument.

[7]  *See* Plaintiffs' Motion for Preliminary Injunction, Dkt. #148, p. 9.

[8]  In connection with the alternatives analysis, the Corps looked at Area 2 under the Modified No Action Alternative and found that the alternatives that Plaintiffs now posit are "new" were neither practicable nor reasonable.  *See* Mosaic's Response to the Court's June 17, 2011 Order Regarding Area 2.

authority over uplands only, and, thus, even under Plaintiffs' own cases, this Court has no basis to enjoin Area 2 mining. This Court need inquire no further.

Nevertheless, Plaintiffs have failed to meet their burden on the remaining elements. First, Area 2 mining does not present any new or different environmental consequences warranting a supplemental environmental assessment.[9]   Second, Plaintiffs ignore Supreme Court precedent holding that a NEPA violation standing alone does *not* constitute irreparable harm. *Monsanto Co. v. Geerston Seed Farms*, 130 S. Ct. 2743, 2756-57 (2010). Instead, Plaintiffs misleadingly cite to decisions that ***do not even address irreparable harm***. *Ouachita Watch League v. Jacobs,* 463 F.3d 1163, 1171 (11th Cir. 2006) (a cognizable procedural injury for ***standing purposes*** exists when plaintiffs allege an EIS has not been prepared); *Wilderness Watch v. Mainella*, 375 F.3d 1085 (11th Cir. 2004) (addressing NEPA in a summary judgment context).

Third, there is no credible evidence in this case that mining will cause imminent and irreparable harm to the environment.[10]   Consequently, Plaintiffs largely regurgitate their arguments regarding irreparable harm[11] and balancing of hardships, filing two new but unreliable declarations. Mr. Winchester's latest declaration is an unsuccessful attempt to cure the defects in his prior ones.[12]

---

[9]  Both the Corps and Mosaic have made this clear in their merits briefs. *See* Federal Defendants' Combined Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment, Dkt. # 141, p. 34  ("[s]imply put there is no ongoing 'major federal action' that could require supplementation"); Mosaic's Supplemental Response and Dispositive Cross Motion for Summary Judgment, Dkt. #155, p. 5 ("Plaintiffs cannot clear the initial hurdle of showing the Area 2 constitutes a 'major federal action' [thus implicating NEPA].").

[10]  To support this contention, Mosaic filed correspondence to Plaintiffs' counsel stating this fact and identifying the only areas with which Plaintiffs had expressed a concern. Plaintiffs now contend that this was improper because it was an inadmissible settlement communication, when it was not. *See* Fed. R. Evid. 408. And they now contend that they are actually concerned with all Area 2 wetlands, when they previously represented otherwise.

[11]  Contrary to Plaintiffs' assertions, Mr. Myers testimony is not inconsistent, but properly explains that a materials imbalance could occur if Mosaic could ***never*** mine wetlands at SFM-HC. In that highly unlikely event, Mosaic would be required to work with regulators to ensure that this does not occur. This Court cannot base an injunction on pure speculation as to what ***might*** happen in the future. *See, e.g., Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1358-59 (11th Cir. 2005).

[12]  Mosaic is filing contemporaneously with its Sur-Reply a Motion to Strike the Fourth Declaration of Mr. Winchester.

In fact, Mr. Winchester admits that he is unqualified to address hydrogeological issues, including whether the BMPs approved by the Corps and the state will work.  And even if he could be qualified, which he cannot, because of the expertise of both state and federal agencies on this very matter, his declaration should be afforded no weight.  *See Atari Games Corp. v. Nintendo of America, Inc.*, 897 F.2d 1572, 1575 (Fed. Cir. 1990).  Dr. Weiskoff's declaration also is unreliable because it does not address harm to Mosaic, nor does it rebut the record information confirming the economic benefits of phosphate mining.

However, if this Court affords Plaintiffs' speculative evidence <u>any</u> weight, Eleventh Circuit precedent ***mandates*** a hearing to resolve these disputed factual issues.  *See Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr, S.A.,* 320 F.3d 1205, 1212 (11th Cir. 2003).  Among other things, Plaintiffs' claim of irreparable harm to wetlands[13] and of Mosaic's inability to reclaim them are rebutted in the Administrative Record and bitterly disputed by Mosaic.  Plaintiffs also attempt to explain their "180" regarding the propriety of mining uplands by claiming that they did not then know it would cause environmental harm.[14]  That is utter nonsense.  Plaintiffs are experienced special interest groups that retained purported experts from the inception of this case.  Their legally and factually flawed crusade to stop all mining at SFM-HC must fail.

---

[13]   Plaintiffs claim that the access corridor for Area 2 mining will harm the environment is moot.  Mosaic draglines have walked through the access corridor with no environmental impacts. *See* Declaration of Karl Foelsche*,* filed contemporaneously with this Sur-Reply.

[14]   Plaintiffs also point to Mr. Myers' testimony, which does ***not*** state that irreparable harm will result from upland mining.  Plaintiffs also reference Mosaic's appellate brief, which states, "there is no analysis in the administrative record of the environmental impact of mining the 1,000 upland acres."  The Corps does not have jurisdiction over upland only mining; and therefore would not have considered the environmental impacts of this discrete area.  The Corps, however, did review the entire site under NEPA.  Finally, Plaintiffs state that their repeated admissions that uplands mining is permissible related solely to the 1,033 acre No Action Alternative.  That Plaintiffs would argue that it is preferable for Mosaic to mine 48% ***more*** uplands (1,033 instead of 700), which are ***much more*** interspersed with wetlands than Area 2, clearly shows that Plaintiffs will make ***<u>any</u>*** argument to oppose phosphate mining.

Dated: July 5, 2011

Respectfully submitted,

/s/ David B. Weinstein
David B. Weinstein
Fla. Bar No. 604410
weinsteind@gtlaw.com
Kerri L. Barsh
Fla. Bar No. 443840
Kimberly S. Mello
Fla. Bar No. 002968
mellok@gtlaw.com
**GREENBERG TRAURIG, P.A.**
625 E. Twiggs St., Ste. 100
Tampa, FL  33602
Telephone: (813) 318-5700
Facsimile:  (813) 318-5900

and

Frank E. Matthews
Fla. Bar No. 328812
frankm@hgslaw.com
**HOPPING GREEN & SAMS, P.A.**
123 South Calhoun Street
P.O. Box 6526
Tallahassee, Florida 32314-6526
Telephone: (850) 222-7500
Facsimile: (850) 224-8551

*Counsel for Mosaic Fertilizer, LLC*

## CERTIFICATE OF SERVICE

I certify that on July 5, 2011, the foregoing was electronically filed with the Clerk of Court

via the CM/ECF system, which will send a notice of electronic filing to counsel of record.

/s/ David B. Weinstein
Attorney

511,557,257