UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SIERRA CLUB, INC.; PEOPLE FOR
PROTECTING PEACE RIVER, INC.; and
MANASOTA-88, INC.,

    Plaintiffs,

v.

    Case No.: 3:10-cv-564-J-25JBT

UNITED STATES ARMY CORPS OF
ENGINEERS; and ALFRED A. PANTANO,
JR.,

    Defendants,

and

MOSAIC FERTILIZER, LLC,

    Defendant-Intervenor.

**MOSAIC FERTILIZER, LLC'S RESPONSE TO PLAINTIFFS'
NOTICE OF FILING 11TH CIRCUIT OCTOBER 3, 2011 ORDER**

    Defendant-Intervenor, Mosaic Fertilizer, LLC ("Mosaic"), responds to Plaintiffs' Notice of Filing 11th Circuit October 3, 2011 Order ("Plaintiffs' Notice") and states as follows:

**ARGUMENT**

    On October 26, 2011, Plaintiffs filed the Eleventh Circuit's Order denying Mosaic's Motion to Enforce Mandate/Petition for Writ of Mandamus ("Order") arguing that "[t]he 11th Circuit order bears on Mosaic's Motion for Limited Stay of Preliminary Injunction Pending Appeal that is pending in this Court." (Doc. 185 at p. 2). Plaintiffs are wrong and mischaracterize the Order in an effort to persuade this Court to deny the reasonable relief requested by Mosaic in its Motion for Limited Stay

1

of Preliminary Injunction Pending Appeal ("Limited Stay Motion")—authorization to mine the Area 2 uplands during the pendency of the appeal.

The Eleventh Circuit's Order made <u>no</u> findings or conclusions that have any bearing whatsoever on this Court's disposition of the pending Limited Stay Motion.  Mosaic's Limited Stay Motion is based on this Court's lack of jurisdiction to enjoin uplands mining in Area 2, for which the United States Army Corps of Engineers ("Corps") has expressly stated needs no Section 404 Clean Water Act Permit.  (Doc. 173).  Instead, the Eleventh Circuit denied Mosaic's Motion to Enforce Mandate solely because "the impact of the Notice of Area 2 Uplands Mining was outside the scope of [the] appeal [of the First Preliminary Injunction]."  (Doc. 185-1 at p. 3).  Therefore, Plaintiffs' assertion that the Order demonstrates that "Mosaic has no likelihood of success on these claims," (Doc. 185 at p. 2) and, thus, is not entitled to a limited stay, is incorrect.  The Eleventh Circuit has not yet addressed or decided the jurisdictional issue presented by Mosaic's Limited Stay Motion in this case.

Plaintiffs' Notice also accuses Mosaic of making improper arguments in the Eleventh Circuit "even after the 11th Circuit denied [Mosaic's] 'Motion to Enforce/Motion for Writ of Mandamus.'" (Doc. 185 at p. 2).  Plaintiffs are wrong.  The Eleventh Circuit expressly recognized that Mosaic "remains free to argue" that the Eleventh Circuit Court's decision vacating the First Preliminary Injunction, and resulting mandate, is the "law of case" in the appeal of the Second Preliminary Injunction. (Doc. 185-1, fn. 2).  That is exactly what Mosaic has contended in the Eleventh Circuit.[1] This argument is entirely permissible and consistent with the Eleventh Circuit's Order.

---

[1]  For instance, Mosaic has argued on appeal that the Eleventh Circuit's decision and mandate make it clear that on remand the district court was obligated to afford the Corps the deference required by law and could not base a CWA violation solely on concerns expressed by the Environmental Protection Agency.

Plaintiffs' misuse of the Order in an effort to "bootstrap" their efforts to oppose Mosaic's Motion for Limited Stay is meritless and should be disregarded by the Court.

Dated: November 3, 2011

Respectfully submitted,

*/s/ David B. Weinstein*
David B. Weinstein
Fla. Bar No. 604410
weinsteind@gtlaw.com
Kimberly S. Mello
Fla. Bar No. 002968
mellok@gtlaw.com
**GREENBERG TRAURIG, P.A.**
625 E. Twiggs St., Ste. 100
Tampa, FL 33602
Telephone: (813) 318-5700
Facsimile: (813) 318-5900

and

John A. DeVault, III
Florida Bar No. 103979
jad@bedellfirm.com
**BEDELL, DITTMAR, DEVAULT, PILLANS & COXE, P.A.**
The Bedell Building
101 East Adams Street
Jacksonville, Florida 32202-3303
Telephone: (904) 353-0211
Facsimile: (904) 353-9307

*Counsel for Mosaic Fertilizer, LLC*

## CERTIFICATE OF SERVICE

I certify that on November 3, 2011, the foregoing was electronically filed with the Clerk of Court via the CM/ECF system.

*/s/ David B. Weinstein*
Attorney

TPA 511,601,015