IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| SIERRA CLUB, INC.; PEOPLE FOR PROTECTING THE PEACE RIVER, INC.; and MANASOTA-88, INC., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES ARMY CORPS OF ENGINEERS; and COLONEL ALFRED A. PANTANO, JR., <br><br> Defendants, <br><br> and <br><br> MOSAIC FERTILIZER, LLC, <br><br> Defendant-Intervenor. | Case No. 3:10-cv-00564-HLA-JB |

**PLAINTIFFS' RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs hereby respond to the "Notice of Supplemental Authority" filed by the United States Army Corps of Engineers on December 2, 2011, which Mosaic joined on December 7, 2011, as follows:

The Corps submits *Sierra Club v. Van Antwerp,* --- F.3d ---, 2011 WL 5924561 (D.C. Cir. Nov. 29, 2011), which overruled *Sierra Club v. Van Antwerp,* 719 F.Supp.2d 58 (D.D.C. 2010). The Sierra Club relied on the district court decision for the point of law that the Corps has a duty to consider costs in its identification of practicable alternatives and to independently verify cost and rate of return information submitted by Mosaic. The D.C. Circuit recognized those duties, although it held that the Corps' reliance on the specific cost and rate of return data there was not arbitrary, based on the specific facts of that case. *Van Antwerp,* 2011 WL 5924561

1

at *2-4. The point remains that the Corps is required to consider costs in identifying practicable alternatives pursuant to 40 C.F.R. §230.10(a)(2); and to independently verify the information provided by Mosaic pursuant to 33 C.F.R. Part 325 and 40 C.F.R. § 1506.5(a). *See Van Antwerp,* 2011 WL 5924561 at *2; *and see Sierra Club v. Van Antwerp*, 709 F. Supp. 2d 1254, 1264 (S.D. Fla. 2009) *aff'd,* 362 F. App'x 100 (11th Cir. 2010) (the Corps failed to independently verify applicant's claims that no practicable alternatives existed).

In this case, Mosaic stated that on-site and off-site alternatives were impracticable because they would cost more, but did not provide any actual cost data. *See* S.C. Motion for Summary Judgment [doc. 133] at 27-30; S.C. Response to Cross-Motions for Summary Judgment [doc. 147] at 8-11. The Corps accepted those conclusions without conducting any independent verification. *Id*. That is a violation of the regulations that is not due deference. *See also Utahns for Better Transp. v. U.S. Dept of Transp.,* 305 F.3d 1152, 1165 (10th Cir. 2002); *Simmons v. U.S. Army Corps of Engineers,* 120 F.3d 664 (7th Cir. 1997).

Respectfully submitted this 16th day of December, 2011.

        **/s/ Eric E. Huber**
        Eric E. Huber
        *Pro Hac Vice* (Colo. Bar no. 40664)
        Douglas P. Hayes
        *Pro Hac Vice* (Colo. Bar no.39216)
        Sierra Club
        1650 38th Street Suite 102W
        Boulder, CO 80301
        (303) 449-5595
        fax (303) 449-6520

        **/s/ Marcy I. LaHart**
        Marcy I. LaHart, Esq.
        Fla. Bar no. 0967009
        4804 SW 45th Street
        Gainesville, FL 32608
        (352) 224-5699
        fax (888) 400-1464

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of December, 2011, I electronically filed the foregoing by using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

Respectfully submitted,

**/s/ Eric E. Huber**
Eric E. Huber